Magistrate Judge Peake

The United States Middle District Court of North Carolina prosecutors Douglas Cannon and Robert M Hamilton are definitely employed and controlled under the jurisdiction of the United States District Court of North Carolina and all of my forty-five accusations was all created by there two prosecutors. This alone proves that everyone of my accusations absolutely and legally fall under the jurisdiction of the United States Middle District Court of North Carolina, I'm definitely including Douglas Cannon, Robert M Hamilton and Eric Placke for doing all of my serious proven accusations thats' attached and Wagner for approving their illegal doing. In this filing I definitely prove legally the United States Middle District Court of North Carolina must simply correct all of my proven accusations. I believe and its proven that Douglas Cannon, Robert Hamilton, Francine Davis Eric Placke and Anna Mills Wagoner created and approved all of my accusations and they all do fall under the jurisdiction of the United States Middle District Court of North Carolina all of my accusations prove they all fall under the United States Middle District Court of North Carolina.

Liberty Mutual Insurance Company attorney in Florida and Douglas Cannon created my

Grand Jury Indictment, because I took a very large Liberty Mutual client legally away from them and put the client with the Hartford Company.

Eric Plache and the Middle District of North Carolina was told by John Burton in October 2005, before my Plea Agreement was done, I should be evaluated because my memory was gone and my medical condition was terrible. Proof Attached 3B, 4 and 5.

I have alot of very serious question but one of my questions is, how can all 45 of my accusations doesn't fall under the Jurisdiction of the Middle District of North Carolina. I definitely believe at least one of my accusations has to fall under the Jurisdiction of the Middle District Court of North Carolina. Therefore my pro se or B.weni claim must be honored and corrected.

Steven E Edwards

Accusations

Now I'm going to explain all of my accusations
thats included in the attached Civil Rights Complaint

Page 1-I simply mentioned some of the Government
employed that fall under the Department of Justice do
believe I'm correct and need to hire a Civil litigation
attorney. Also all of my accusations are proven
by Government Documents thats all signed by
the Middle District of North Carolina in Greensboro
employees

Page 2  Magistrate Judge Joi Elizabeth Peake response
definitely proves my accusations are serious and
deserve corrections

Page 2 - Read my response I sent to Judge
Robert P. Reuse in regard to Timothy J. Driscoll Jr
Senior Attorney Pretrial Memorandum For Respondent
that I do have a copy of. Attachment 3A

Page 2 - Judge Osteen Criminal Case proves my dismissed
Counts has nothing to do with my restitution Amount
or sentencing  attachment 1

Page 2 and 3   Proves where my restitution amount
must come from September 13,1994 through April 24, 1996
This also proves my sentencing was done illegally
Attachment 2 and 4

Page 3 — The Offense Level was done illegally and proven in Attachment 2, 3, 4, 5 and 6

Page 3 — Read Page 5 Paragraph 5, my only contract and agreement with the United States of America is proven on Attachment 7

Page 3 — My only forfeiture can come from my forfeiture of the property named in the Grand Jury Indictment. Attachment 8

Page 3 — Proves where my restitution can only come from. Attachment 8

Page 3 and 4 — Legally I should have been evaluated. Read Attachment 3B, 4 and 5

Page 4 — Clr very serious. Read Attachment 20 + 21 also Attachment 22 and 23 very serious, Attachment 24 proves I owe the United States of America from Count 1 in $8,601.48 but Count 1 was dismissed

Page 4 — Counts 8, 14 and 18 should have been dismissed. Read Attachments 13, 14 and 15 Paragraphs ones

Page 4 and 5 — Just read Attachment 29-36 Just compare my charges and Factual Basis

Page 6 - Why was I charged or convicted on anything associated with Magna Corporation or Fidelity Group when they were both granted their Bankruptcy prior to my Grand Jury Indictment. Counts 8, 14 and 18 was definitely associated with Magna or Fidelity

Page 7 - Pages 5 and 6 prove what the United States of America has already taken from me and Pages 8, 14 and 18 in a maximum of what I owe for my criminal violations. Page 20 and 21 prove I owe knowledge to the United States of America for Count 20.

Page 7  also proves my sentencing was done illegally Attachment 2, 3, 4, 5 and 6

Page 8  All pages of my Grand Jury Indictment only adds up to be roughly $1,398,777.00 not over 7 million dollars the Middle District of North Carolina used to raise my offense level to increase my sentencing Attachment 4.

Page 9  How can I be charged with this large restitution, because there's a lot of nominees involvement. Read Attachment 29 through 36

Page 9  also proven in Attachment the Middle District of North Carolina used the wrong code for my Sentencing.



Page 10    Just read the whole page Attachment 10A

Page 11    Just read the whole page Attachment 11A

Page 12    Just read the whole page Attachment 12A

United States of America

United States of America
and
Department of Justice
                    Plaintiff/Petitioner

*(Department of Justice informed me,
this is related to a civil litigation,*

vs

Steven E. Edwards
                    Defendant/Respondent(s)

This is definitely a Civil Rights Complaint pursuant to 28 USC § 1331 to upgrade what Steven E. Edwards has already did in the United States Court of Federal Claims in January 2014 or before No. 13-971 C.

Steven E. Edwards absolutely believes the United States of America has to go by the same laws as I do.

Since I have been out of prison I have had a very long meeting with Branch Chief Public Defender Tom Bartee in Kansas City, Kansas and verbal conversations with Eric Placke Public Defender in Greensboro, North Carolina. They both agreed on every accusations I have included in this Civil Rights Complaint. This is different, isn't it?

The last trial date in Winston-Salem, North Carolina was June 24, 2015 Docket No. 7329-10 the two Marshals that set with me on the opposite side of the 30 or more Government employees on the other side, the Marshals told me once the trial was over, I just won and the United States of America owes me a lot of interest plus the money and assets the Government took from me.

There is strictly a lot of serious accusations that need to be corrected for Steven E. Edwards 14975031. Because every accusation is proven by Government Documents that are attached to this complaint.

*1*

A very serious response I got from the Magistrate Judge Joi Elizabeth Peake on or around 2/19/13 in regard to my Motions I filed in Docket 1:05CR265-1 and 1:12CV419. Her recommendation proves a lot, it says on pages 4-5 of her Order. "The Motions challenge Edwards conviction, his sentencing calculation, and the amount of restitution included in the Judgement based on information in the Indictment, Presentence Investigation Reports, Factual Basis, Plea Agreement, and from the United States Tax Courts. In addition, the Motions include arguments that Edwards should have been evaluated for hearing and memory loss prior to pleading guilty, that prior rulings by the United States Bankruptcy Courts invalidate most of his charges, that Counts 2 through 18 against him should have been dismissed because they were related to Count 1, which was dismissed, and that he did not commit the predicate acts supporting Counts 8 and 14. All of Edwards's arguments appear to constitute attacks on the Judgement in his criminal case." Attachment 1. Why doesn't a very positive Magistrate Judge have the power from the United State Government to correct arguments appear to constitute attacks from an inmate.

After a very interesting conversation with a United States of America Department of Treasury attorney on January 30, 2017 this response really needs to be read. Because every word I'm putting in this is also proven in the United States of America Documents.

What the United States District Court in the Middle District of North Carolina Judge Osteen approved and put in my Judgement in a Criminal Case dated 6-26-2006 between the United States of America v Steven E. Edwards is amazing. Now just read Page 1 in regard to my dismissed Counts 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 13, 15, 16, 17, 19, and 21 which really means the United States of America didn't have any proof I did any of the charges or they would have never dismissed them, this alone means they never existed. Also read Page 5 there's two little

2

dots next to my total amounts of loss and then read the bottom 2 dotted lines so by reading this proven information you will then understand what has been proven in regard to where all of my restitution amount must come from, September 13, 1994 through April 24, 1996. This is really very clear.

In my Presentence Investigation Report just read Paragraph 93 on Page 20 in regard to my restitution amount again. On Paragraph 32 and 34 on Page 10 it proves how the United States of America District Court raised my Office Level, which was done illegally. Paragraphs 81 and 82 on Page 18 and 19 definitely proves in regard to the money and assets the United States of America took from me the only way the United States of America can keep my aggregate amounts must come from my Grand Jury Indictment convictions and the only contract I have with the United States of America, my Plea Agreement Contract.

In my Plea Agreement on Page 5 Paragraph 5 it says this is the plea bargaining and the extent in this case is as follows. Also read Paragraph 2 on Page 2 in regards to my forfeiture allegations and where it must come from, the Grand Jury Indictment. Go on to Paragraphs 2d and 2e on Page 3 where all my restitution amount must come from. On Paragraph 5a on Page 5 it proves what my convictions were and what counts 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 13, 15, 16, 17, 19, and 21 never existed. Paragraph 6, 6a and Line 1 on Page 6 proves in regard to how the United States of American can keep any of my aggregate amount. Then Paragraph 9 on Page 8 and 9 is the United States of America law that must be honored.

Now, read my four Counts 8, 14, 18, and 20. My only convictions I excepted from the United States of America which prove what all of my criminal violations add up to be.

Read John Bourlons response on my behalf in order to reply to Motion Under 28 U.S.C. § 2255 on Pages 2 and 3 Paragraphs 1, 2, 3, and 4. Under law I should have been evaluated prior

3

to my Plea Agreement Contract was signed on February 21, 2006. Whoever reads this response can never disagree legally with this paragraph.

I believe this paragraph is the law, all whoever is reading this just has to read the Order that came from the United States of America Tax Court Special Judge Robert N. Armen Jr. on June 12, 2013. Especially read Paragraph 3 on Pages 1 and 2 and the final paragraph on Page 2. This Order is real clear and definitely related to my Plea Agreement on Pages 8 and 9 in Paragraph 9 and my Presentence Investigation Report on Page 20 Paragraph 93. All of these Paragraphs prove I don't owe the United States of America or anybody else any amount of money except what's in Counts 8 and 14.

Now it's going to get real interesting to you from this point on in regard to my response. In my Grand Jury Indictment on Pages 41 and 42 Paragraphs 1, 2, 3, and 4 it proves where my forfeiture allegations must come from to justify the United States of America to keep any amount of money from my aggregate amount. Until someone can prove to me from United States of America laws, I will always believe all of my criminal violations must come from my Grand Jury Indictment Counts 8, 14, 18, and 20 my only criminal violations according to my only contract I have with the United States of American the Plea Agreement Bargaining Contract. By now you do know Count 1 was dismissed which I believe means Count 1 never existed. Now read the first paragraph in Counts 8, 14, and 18. I believe legally these three counts should have been dismissed.

Read the last Paragraph 31 on Page 20 in my Grand Jury Indictment that prove what Count 1 forfeiture allegation maximum it can be $8,601.48.

What the Department of Treasury attorney really should read in my Factual Basis Dated February 21, 2006 the day my Plea Agreement Contract was also finalized. Just read Pages 4 & 5

4

about Count 20. Who their attorney is with is the United States of America then the Internal Revenue Service or Treasury Department. Which means he needs to read Count 20 in my Factual Basis because it says the $4,646,717 taxable income and additional taxes of $1,944,392 was derived from the IRS. As of today the attorney or the IRS involved in my case has still not proven I owe this amount or how the IRS came up with these numbers. When I started questioning all of these numbers that I supposedly owed the IRS and companies, but the Middle District Court new Judge in my case because Jude Osteen retired. The new Judge Schroeder ordered the IRS to prove I owe the money the United States of America put in my restitution amount. The audit the IRS did for Judge Schroeder isn't even close to the restitution amount of $2,105,820 with no Fraud amount involved. The meeting I had with the IRS attorney on December 4, 2014 in a meeting he told me the IRS couldn't go back and audit me more than 3 years from my Grand Jury Indictment which was dated July 26, 2005. He also told me the civil litigation amount can't come from my Grand Jury Indictment. Now read Pages 5, 6, and 7 in my Factual Basis. This proves the amount the IRS attorney came up with definitely came from my Grand Jury Indictment Count 20. All you have to do to prove this is read my Factual Basis.

Read my Criminal Docket where it says where my restitution amounts can come from Counts 8, 14, and 18 but what the United States of America has already done was all done illegally because my convictions Count 8, 14, and 18 doesn't add up to be $4,565,477.70. Counts 8, 14, and 18 only comes up to be a restitution amount of $150,829.73 which is really weird because that only reduces my aggregate amount down to $2,500,000 plus interest and assets. Now even if I allow the United States of America to use my Presentence Investigation Report to reduce my aggregate amount by $1,522,736.90 the United States of America still owes me a lot of money.

5

I'm getting close to finalize this response, the United States of America or the Justice Department should have made sure the Middle District Court used the correct Code 2F1.1 for my sentencing not Code 2E1.1 Because all of my convictions occurred prior to November 21, 2001. Look this information up.

You also need to know Magna Corporation and Fidelity Group was both granted their Bankruptcy way before my Grand Jury Indictment. Now Count 1 through 19 was all associated with these two companies. Why was I charged with any of these nineteen Counts? This is a good question because I was told and read it in Government Books when a company is granted their Bankruptcy that cleared everyone that was associated or employed with these companies of any wrongful or illegal doing. I just need proof if this isn't the law.

This information isn't everything I have against the United States of America and Middle District of North Carolina they did in my case. I'm just starting.

6

The following information proves through the attached United States of America Contract and Documents, Steven E. Edwards is owed a lot of money the United States of America has already taken from Steven E. Edwards on or before February 21, 2006.

Attachment 1, 2, and 3 proves I owe absolutely no restitution amount. Also I wasn't allowed to go to my sentencing on June 26, 2006.

The Plea Bargain Contract dated February 21, 2006 on Page 5 Paragraph 5 proves Steven E. Edwards only Contract with the United States of America is made up of 9 pages, and Page 6 and Paragraphs 6, 6A and 1 is very important. Also, the prosecutor Douglas Cannon, NCSB#8604, was terminated by the United States of America on June 26, 2006. Why was he terminated on that day but Robert M. Hamilton wasn't. This is proven in Attachment 4 through 12.

Grand Jury Indictment Counts 8, 14, 18, and 20 was my only four convictions. Counts 1 through 19 proves that in Paragraph 1, counts 8, 14, and 18 should have been dismissed because Count 1 was dismissed by the United States of America. Thus means Counts 1 through 19 never existed.

Steven E. Edwards Reply to Motion under 28 USC § 2255 that was done by Attorney John Burlon 919-688-8041 in Durham, N.C. proves I should have been evaluated prior to my Plea Agreement Contract was done on February 21, 2006. Attachment 18 through 20 is included.

United States Tax Court Special Trial Judge Robert N. Armen Jr. order dated June 13, 2013 proves I owe the Government absolutely nothing for Count 20. This is proven in Attachments 21 through 22. Just because I pled guilty, doesn't prove I owe any amount.

Presentence Investigation Report on Page 10 Paragraph 32 and 34 proves Steven E. Edwards sentencing was done illegally and incorrectly. It is proven in Counts 1 through 21 in my

7

Grand Jury Indictment that comes to a total roughly of $1,398,777.78, not over $7 million the United States of America added to my offense level that definitely increased my sentencing by over 10 years. Proven in Attachment 23.

In the Grand Jury Indictment on Pages 41 and 42 it proves in regard to Steven E. Edwards forfeiture allegations are what all about and why the United States of America owes all the money and assets they took from me back plus interest. Proven in Attachment 24 & 25. Forfeiture allegations is related to property not cash.

Presentence Investigation Report on Page 18 and 19, Paragraphs 81 and 82 definitely proves what the amounts the United States of America has already taken from Steven E. Edwards. Attachment 26 and 27 is included.

Steven E. Edwards absolutely only has one contract with the United States of America, it's the Plea Agreement Contract according to Page 5, Paragraph 5 and Page 6, Paragraph 6, 6A, and 1 specifically proves the United States of America can only reduce my aggregate amount of $2,650,829.73 plus interest from my criminal violations in Counts 1 through 14 which is Counts 8 and 14 my only two convictions between the Counts 1 through 14 which creates a maximum amount of $150,829.73. This alone proves from this information the United States of America owes me $2,500,000 which has been created by the Aggregate Amount of $2,650,829.73 minus the two convictions amount of $150,829.73 that equals $2,500,000 plus interest and additional assets values the United States of America also took from Steven E. Edwards. This is proven in Attachments 28 through 60.

It's also proven through Government Documents the following information was all done by the United States of America against Steven E. Edwards.

8

Every question or answer given to me by Judge Osteen was answered by Eric Placke Public Defender Attorney in Greensboro, N.C.

I never got to approve or deny my Presentence Investigation Report 14 days prior to my sentencing.

Three of my four convictions should have been dismissed because of Count 1 dismissal.

United States of America also owes me $3,897,470 + 2,650,829.73 which adds up to be $6,548,299 less the forfeiture allegations in my convictions Count 8 and 14 which is between Counts 1 through 14 which are considered my criminal violations according to the Grand Jury Indictment and Plea Agreement Contract Bargain is $150,829.73. Which means the United States of America owes me $6,397,469.27 plus interest and asset values, bank accounts, etc. that was also taken from me.

The sentencing was done wrong for at least two reasons according to the Presentence Investigation Report and my conviction because all my convictions occurred according to the Grand Jury Indictment all before October 2001, which legally proves the United States of America must use Code 2F1.1 not Code 2B1.1 because all my charges and convictions occurred prior to November 21, 2001. Which mean the United States of America owes me an additional $3,500.00 a day for approximately 10 years, because I should have been sentenced a 12-15 month sentencing not 150 months. The offense level was increased illegally and wrong in my Presentence Investigation Report on Page 10, Paragraph 32 & 34; the loss was incorrect.

According to the Factual Basis and IRS Audit all of my restitution and charges had nominees' involvement.

I got a lot of loans from Nation's Group, Integrity and account from the Turks & Caicos Islands.

9

Factual Basis also proves the Insurance Agent that sold us the Worker's Compensation could have fixed our Worker's Compensation with Liberty Mutual on or before November 14, 2000 if he would have done that we would still be in business.

I should have never been charged with Counts 1 through 19 because Magna Corporation and The Fidelity Group was granted their bankruptcy way before my Grand Jury Indictment. Everyone associated with these companies was definitely cleared from any wrongful doing or their companies would have never been granted their bankruptcies.

Two attorneys were involved in the Magna and Fidelity Groups bankruptcies, they were Yoder and Hudson both in N.C.

My Plea Agreement Contract Bargain proves I owe the United States of America nothing. Eric Placke's affidavit proves I'm right.

The two mail fraud convictions were done illegally by the United States of America.

I need to know the definition of a criminal violation. Really what it means.

I'm not responsible for anything in Counts 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 13, 15, 16, 17, 19, and 21. Because they were dismissed by the United States of America.

The only reason I agreed to do the Plea Agreement Contract on February 21, 2006 was because it was my only contract I would have with the United States of America. Because the only amount the United States of America says I owe for my Plea Agreement was on Page 6, Paragraph 5C. That must be dismissed because Count 19 and 21 was dismissed because Count 19 and 21 was dismissed by the United States of America.

The Paragraph on Page 8 Paragraph 9 proves the United States of America law says, "No Agreements, representations or understanding have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement and none will be entered

10A

into unless executed in writing and signed by all the parties" (which definitely includes Steven E. Edwards).

Steven E. Edwards Plea Agreement Contract Bargain dated 2-21-06, Presentence Investigation Report dated 6-5-06, Factual Basis dated 2-21-06, Judgement in a Criminal Case dated 6-26-06 and Grand Jury Indictment dated July 26, 2005 proves what the United States of America has done through the Middle District of North Carolina District Court definitely proves all the above documents are official and the law.

Steven E. Edwards is simply asking for some help to enforce the United States of America to honor all of these Documents, unless someone can prove to me all of these Documents are not official. If I get someone to help me or not, I'm going to continue with all of these accusations against the United States of America.

This is some more information I can also prove very easily. In my Factual Basis it says the IRS reconstructions of my income and expenditures, Steven E. Edwards corrected taxable income for 2000 was at least $4,646,417 on which there was due and owing additional taxes of $1,944,392 and Defendant Steven E. Edwards recognized substantial income and made efforts to conceal his receipt of the same through purchasing property in nominee names. This proves the nominees are responsible for this amount of taxable income because I definitely never received any property back from a nominee ever. Also, here's my big question, if they the IRS could really prove this or have really done this why in the world did the Judge Schroeder in the Middle District of North Carolina District Court has to have the IRS do an audit for the year 2000 to prove how the District Courts restitution amount on me was done correctly. How the United States of America used the IRS restitution amount according to my Factual Basis was absolutely done illegally by the Middle District of North Carolina District Court in Greensboro, North

Caroline. The District Court prosecutor Douglas Cannon definitely made the reconstruction up, because the audit the IRS did in the year 2000 wasn't even close to the amount of money I supposedly owed for additional taxable income in my restitution amount for the year 2000. Douglas Cannon was terminated on the day of my sentencing, which I was not allowed to go to on June 26, 2006. Also Judge Osteen approved this.

I should have never been charged let alone convicted of Mail Frauds in Counts 8 and 14 because it's proven in the Grand Jury Indictment I didn't even send or receive these UPS or Fed Ex packages that I was charged and convicted of.

I should have never been charged or convicted in Count 18 either, because I had nothing to do with receiving money from clients for Health Insurance and wasn't approved on the banking account at all to write checks, transfer money or take money out of the account at Bank of America.

The United States of America never proved or could they prove any of my charges or convictions has been proven.

My restitution amount is definitely not in my Grand Jury Indictment or Plea Agreement Contract Bargain. All of this information is in Attachments 61 & 62. Also on Attachment 2 on Page 5 of 6 it specifically says my restitution amount of $4,565,477.70 must be committed on or after September 13, 1994 but before April 24, 1996. None of my charges or convictions in my only Grand Jury Indictment occurred after September 13, 1994 but before April 24, 1996. Just read Counts 8, 14, 18, and 20 my convictions.

Last, my aggregate of $2,650,829.73 definitely doesn't constitute the United States of America enough proceeds to keep my total aggregate amount or forfeiture of the property that was valued at $3,897,470 by the United States of America in my Grand Jury Indictment and

12A

Presentence Investigation Report because my total Forfeiture Allegations only comes to from Counts 8, 14, 18, and 20 was $150,829.73 my only convictions was Counts 8, 14, 18, and 20 that creates all of my criminal violations.

This Notice is Steven E. Edwards recommendation to prevent him from having to file a lawsuit against the United States of America in an excess of $50,000,000.

Within 14 days after being served with a copy of the recommended settlement, a party may serve and file specific, written objections to the proposed findings and recommendations, You are hereby notified that unless written objections to the Respondent, Steven E. Edwards are served and filed as provided in the Federal rules, Steven E. Edwards will be forced to file a lawsuit against the United States of America. Pursuant to Fed. R. Civ. P. 72(b), 6(a) and 6(e). Setting up a hearing very soon is recommended by Steven. E. Edwards on June 26, 2017.

Whoever is now involved in my case needs to know I have had a lot of phone conversations with the Department of Justice Attorney in Washington, DC, Joshua A. Mandlebaum, maybe you should call him 202-305-3091.

Steven E. Edwards
615 Pine Street
Wellsville, Kansas 66092
Phone: 649-359-4913
Defendant

*13*

The following information will definitely simplify the proof that all of my prior accusations in No. 17-1104C must be honored by the Department of Justice because the Plea Agreement Contract, Presentence Investigation Report, Factual Basis, Judgement in a Criminal Case and Grand Jury Indictment proves what the Middle District of North Carolina did wasn't legally done correctly.

I'm simply now going to explain all of the attached pages thats already included in my filing No 17-1104C Att. 1-13

1. There's four government employees that believe my accusations do prove I'm correct. Page 1

2. A very severe response I got from Magistrate Judge Joi Elizabeth Peake proves my arguments appear to constitute attacks. Page 2C+D

3. My response to Judge Robert P Ruwe is also attached separately Page 3A

4. Judge Osteen approved everything just read my Judgement in a Criminal Case based on my Counts that was dismissed and where my restitution amount must come from. This alone proves I owe the United States of America nothing Page 2 and 3 + 1

ENTERED ON DOCKET
R. 55
JUN 26 2006

**United States District Court**
Middle District of North Carolina

FILED
JUN 26 2006
(Noon here)

UNITED STATES OF AMERICA

v.

STEVEN E. EDWARDS

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number:  1:05CR265

USM Number:  14975-031

Defendant's Attorney   Eric D. Placke,
Assistant Federal Public Defender

## THE DEFENDANT:

☒ pleaded guilty to counts 8, 14, 18 and 20

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:1341 & 2 | Mail Fraud | 11/14/2000 | 8 |
| 18:1341 & 2 | Mail Fraud | 02/28/2001 | 14 |
| 18:669 & 2 | Theft of Health Care Funds | 04/30/2001 | 18 |
| 26:7201 | Attempted to Evade and Defeat U.S. Tax Returns | 11/05/2001 | 20 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Counts 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 13, 15, 16, 17, 19 and 21 are dismissed on the motion of the defendant without objection of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

June 13, 2006

_____
Date of Imposition of Judgment

_____
Signature of Judicial Officer

William L. Osteen, United States District Judge
_____
Name & Title of Judicial Officer

X _____
Date   June 26, 2006

DEFENDANT:      STEVEN E. EDWARDS
CASE NUMBER:    1:05CR265-1

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties under the Schedule of Payments sheet.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals | $ 400.00 | $ 100,000.00 | $ 4,565,477.70 |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such determination.

☒  The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Payment |
|---|---|---|---|
| Sikora & Associates | $98,834.81 | $98,834.81 | |
| BCN Services | $586,887.53 | $586,887.53 | |
| McKenzie Print | Undetermined | Undetermined | |
| Sunshine Group | $935,214.54 | $935,214.54 | |
| ABP | $838,720.82 | $838,720.82 | |
| Internal Revenue Service | $2,105,820.00 | $2,105,820.00 | |
| **Totals:** | $ 4,565,477.70 | $ 4,565,477.70 | |

☐  Restitution amount ordered pursuant to plea agreement:   $

☐  The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B, may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐  the interest requirement is waived for the   ☐ fine and/or  ☐ restitution.

    ☐  the interest requirement for the   ☐ fine and/or  ☐ restitution is modified as follows:

** Findings for the total amount of losses are required under Chapters 109A, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 24, 1996.

2

Probation

88. Statutory Provisions: In each of Counts Eight, Fourteen, Eighteen, and Twenty, the defendant is eligible for not less than 1 year nor more than 5 years probation. 18 U.S.C. § 3561(c)(1).

89. Guideline Provisions: Because the minimum of the guideline range is 8 months or higher (Zone C or D of the Sentencing Table), the defendant is ineligible for probation. USSG §5B1.1, comment.(n.2).

Fines

90. Statutory Provisions: The maximum fine for each of Counts Eight, Fourteen, Eighteen, and Twenty is $250,000. 18 U.S.C. § 3571(b)(3). The Court shall impose a special assessment of $100 for each felony count of conviction. 18 U.S.C. § 3013(a)(2)(A).

91. Guideline Provisions: The fine range for the instant offense is from $20,000 to $200,000. USSG §5E1.2(c)(3).

92. In determining the amount of the fine, the Court shall consider the expected costs to the government of any term of probation, or term of imprisonment and the term of supervised release imposed. USSG §5E1.2(d)(7). The most recent advisory from the Administrative Office of the United States Courts, dated April 15, 2005, suggests that a monthly cost of $1,933.80 be used for imprisonment, $1,675.23 monthly for a halfway house, and a monthly cost of $287.73 for supervision.

Restitution

93. Statutory Provisions: The Court shall enter a restitution order for the full amount of the loss to the victim(s). 18 U.S.C. § 3663A. The Court may order restitution in any criminal case to the extent agreed to by the parties in a Plea Agreement. 18 U.S.C. § 3663(a)(3). The total amount of restitution attributable to the defendant is $4,565,477.70. Payments should be made payable and submitted to the Clerk of Court, United States District Court/Middle District of North Carolina, P. O. Box 2708, Greensboro, NC 27402. Payments should be disbursed to:

Sikora & Associates                          Amount: $98,834.81
Attn: Jim Sikora
25 Concourse Way
Greer, SC 29650

3



5. My Plea Agreement Contract, Grand Jury Indictment and Presentence Investigation Report proves my offense level increase was done illegally. Page 3 4 through 17

6 There's only four convictions involved to come up with a restitution amount I supposely owe Page 3 4-15

7. Evaluation - Page 3ᴮ and 4+5

8 Judge Robert N. Armen Jr. order     Page 4     20+21

9. Dismissal          Page 4

10. Factual Basis     Page 4 and 5

11. Criminal Docket says where restitution can come from Page 5

12 Correct sentencing Code          Page 6     4+2

13. Magna Corporation and Fidelity Group     Page 6

14 Alot of money and assets was taken by the United States of America prior to my 2-21-2006 Plea Agreement Contract Page 7     5+6

15. Plea Agreement Page 5 Paragraph 5 and Page 6 Paragraph 6,6A and 1     Page 7-12 There's a will important Page 8 Paragraph 9

28. Jim Sikora, owner of Sikora & Associates, reported that as a result of the fraud, he lost his good business reputation and a large amount of money. He stated he was "threatened by the FBI, sued by many lawyers, and looked at like a criminal." He advised that he also had to be treated for anxiety, depression, and high blood pressure as a result of the crime. Mr. Sikora further reported, "Steve's partner said he would have to kill me if any harm came to Mr. Edwards." Mr. Sikora reported more than $4.5 million in losses caused by Magna/Fidelity.

29. Todd McKenzie of McKenzie Paint reported more than $140,000 in losses caused by the crime. These losses are attributed to unpaid medical and workers' compensation claims. Mr. McKenzie advised that fifty percent of his employees were affected and that unpaid medical bills ranged from $2,000 to $60,000 plus. He further commented that his company no longer offers health care benefits to its employees as a result of the crime.

Offense Level Computations

30. The 2005 edition of the United States Sentencing Commission Guidelines Manual, in conjunction with the March 27, 2006 Supplement to the 2005 Guidelines Manual, has been used for guideline computations.

31. Count Twenty is unrelated to Counts Eight, Fourteen, and Eighteen and will be treated separately. USSG §3D1.1(a)(3).

32. Counts Eight, Fourteen, and Eighteen are grouped because the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm, or if the offense behavior is ongoing and continuous in nature and the offense guideline is written to cover such behavior. USSG §3D1.2(d). The offense level applicable for the group is the offense level corresponding to the aggregated quantity, determined in accordance with Chapter Two and Parts A, B and C of Chapter Three. Therefore Counts Eight, Fourteen, and Eighteen together are used to determine the guideline calculations for the group. USSG §3D1.3(b).

Count Eight. Mail Fraud

33. Base Offense Level: The guideline for a violation of 18 U.S.C. § 1341 is found in USSG §2B1.1. The base offense level is 6. USSG §2B1.1(a)(2).    6

34. Specific Offense Characteristic: Because the loss exceeded $7 million, the offense level is increased by 20. USSG §2B1.1(b)(1)(K).    +20

35. Specific Offense Characteristic: Because the offense involved 50 or more victims, the offense level is increased by 4. USSG §2B1.1(b)(2)(B).    +4

## COUNT EIGHT

1.    The Grand Jury realleges and incorporates by reference Paragraphs One through Thirty of Count One of this Indictment as if fully set forth herein.

2.    On or about November 14, 2000, in the County of Durham, in the Middle District of North Carolina, STEVEN E. EDWARDS, for the purpose of executing the aforesaid scheme and artifice to defraud, and to obtain money by means of materially false and fraudulent pretenses, representations and promises, and attempting to do so, knowingly did cause to be received from FedEx, a commercial interstate carrier, an overnight package addressed to:

        Magna Corporation
        5317 Highgate Road
        Suite 114
        Durham, NC 27713

and with a return address of:

        BCN Services, Inc
        3650 W Liberty Road
        Ann Arbor, MI 48103

which contained therein 20 corporate checks from BCN Services, and related companies, payable to Magna Corporation, in an amount totaling $ 103,000, more or less, which funds were transmitted to pay for workers' compensation for hundreds of employees working outside the State of North Carolina, when, in fact, there was no workers' compensation insurance policy in effect protecting those workers.    All in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT FOURTEEN

1. The Grand Jury realleges and incorporates by reference Paragraphs One through Thirty of Count One of this Indictment as if fully set forth herein.

2. On or about February 28, 2001, in the County of Durham, in the Middle District of North Carolina, STEVEN E. EDWARDS, for the purpose of executing the aforesaid scheme and artifice to defraud, and to obtain money by means of materially false and fraudulent pretenses, representations and promises, and attempting to do so, knowingly did cause to be received from FedEx, a commercial interstate carrier, an overnight package addressed to:

> Tim Martin
> Magna/Fidelity
> 5317 Highgate Drive Ste 114
> Durham, NC 27713

and with a return address of:

> Sikora and Associates, Inc
> 25 Concourse Way,
> Greer, SC 29650-4704

which contained therein an R.J. Rossi check, № 1376, payable to Magna Corp, in the amount of $ 47,829.73, which funds were sent to pay the February, 2001, premium due for medical insurance for workers in South Carolina employed by Sikora & Associates, when, in fact, there was no health care insurance policy in effect for those employees. All in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT EIGHTEEN

1.  The Grand Jury realleges and incorporates by reference
Paragraphs One through Thirty of Count One of this Indictment as if
fully set forth herein.

2 .  During the period from on or about January 1, 2000, until
on or about April 30, 2001, the exact dates to the Grand Jurors
unknown, in the Middle District of North Carolina and elsewhere,
STEVEN E. EDWARDS, did on one or more occasions knowingly and
willfully steal and without authority convert to his own use moneys
and funds in excess of $ 100, the total amount of moneys and funds
stolen and without authority converted to his own use during the
said time period being the approximate sum of $ 2,500,000 from a
health care benefit program, which affected commerce, as defined by
Title 18, United States Code, § 24(b) that is, The Fidelity Group,
Inc., also known as Premier Health Plan and Members Choice 2000
Health Plan; in violation of Title 18, United States Code, Sections
669 and 2.



substantially in excess of that heretofore stated and that upon said additional joint taxable income a substantial additional tax was due and owing to the United States of America.

In violation of Title 26, United States Code, Section 7201.

## COUNT TWENTY

During the period from on or about January 1, 2000, to on or about November 5, 2001, in the Middle District of North Carolina, and elsewhere, STEVEN E. EDWARDS, a resident of Durham, North Carolina, who during the calendar year 2000 was married, did willfully attempt to evade and defeat a large part of the income tax due and owing by him and his spouse to the United States of America for the calendar year 2000 by: 1) concealing and attempting to conceal from all proper officers of the United States of America his true and correct income by depositing funds into and causing funds to be deposited into accounts titled in names other than his own, dispensing funds from and causing funds to be dispensed from accounts titled in names other than his own, receiving payments and causing payments to be issued in names other than his own, and titling assets and causing assets to be titled in names other than his own; and 2) preparing and causing to be prepared, signing and causing to be signed, mailing and causing to be mailed a false and fraudulent joint U.S. Individual Income Tax Return, Form 1040, on behalf of himself and his spouse, which was filed with the Internal Revenue Service, wherein it was stated that

their joint taxable income for said calendar year was the sum of $ 4,833 and that the amount of tax due and owing thereon was the sum of $724 whereas, as he then and there well knew and believed, their joint taxable income for the said calendar year was substantially in excess of that heretofore stated and that upon said additional joint taxable income a substantial additional tax was due and owing to the United States of America

In violation of Title 26, United States Code, Section 7201.

## COUNT TWENTY-ONE — *Dismissed*

During the calendar year 2001, STEVEN E. EDWARDS, a resident of Durham, North Carolina, had and received taxable income upon which there was a substantial tax liability due and owing, that well-knowing and believing the foregoing facts, STEVEN E EDWARDS, from on or about January 1, 2001, to on or about October 15, 2002, in the Middle District of North Carolina, and elsewhere, did willfully attempt to evade and defeat the said income tax due and owing by him to the United States of America for said calendar year by failing to make an income tax return on or before October 15, 2002, as required by law, to any proper officer of the Internal Revenue Service; by failing to pay to the Internal Revenue Service said income tax; and by concealing and attempting to conceal from all proper officers of the United States of America his true and correct income by depositing funds into and causing funds to be deposited into accounts titled in names other than his own,

- 40 -

STEVEN EUGENE EDWARDS, )
                  )
      Petitioner, )
                  )
                  ) Docket No. 7329-10.
      v. )
                  )
COMMISSIONER OF INTERNAL REVENUE, )
                  )
      Respondent )

## O R D E R

On March 29, 2010, petitioner filed a petition to contest a deficiency in income tax of $1,054,142.00 and a fraud penalty under section 6663 of $790,606.50 for the taxable (calendar) year 2000.[1] The deficiency in tax is based principally on respondent's determinations that petitioner failed to report $2,641,215 of "diverted funds" and $63,648 of interest income. The notice also states that petitioner is "collaterally estopped from raising a defense as to the assertion of the section 6663 fraud penalty" because he "pled guilty to Income Tax Evasion under the provisions of Title 26, U.S.C. 7201."[2]

On January 22, 2013, respondent filed a Motion For Summary Judgment and a Declaration in support thereof. On February 11, 2013, petitioner filed a Response objecting to the granting of respondent's motion. On February 21, 2013, petitioner filed a Supplement to his Response.

In the penultimate numbered paragraph of his motion, respondent contends that "petitioner is collaterally estopped from challenging respondent's determination of the tax deficiency and the fraud penalty for the 2000 taxable year due to by [sic] his guilty plea for violating I.R.C. sec. 7201". We disagree. Rather, petitioner's conviction establishes only that there was an underpayment of income tax and that some portion of the underpayment was due to fraud. Petitioner's conviction does not serve to confirm the deficiency determined by respondent in the notice of deficiency, nor does petitioner's conviction establish that the entire underpayment was attributable to fraud. See, e.g., sec. 6663(b). Accordingly, on the record before us, it cannot be said that there is no genuine

_____

[1] All section references are to the Internal Revenue Code, as amended; all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] The Court notes that in his Answer filed May 19, 2010, respondent affirmatively relies on the doctrine of collateral estoppel. See Rule 39.

### SERVED Jun 13 2013

issue as to any material fact or that a decision may be rendered for respondent as a matter of law.

Premises considered, it is hereby

ORDERED that respondent's Motion For Summary Judgment, filed January 22, 2013, is denied.

(Signed) Robert N. Armen, Jr.
Special Trial Judge

Dated: Washington, D.C.
June 12, 2013

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA                    1 05CR265-1

V

STEVEN E EDWARDS                            FACTUAL BASIS

NOW COMES the United States of America, by Anna Mills Wagoner, United States

Attorney for the Middle District of North Carolina, through her assistants, Robert M Hamilton and

Douglas Cannon, and Francine Davis, trial attorney, Tax Division, United States Department of

Justice, and as a factual basis for Defendant's plea to Counts Eight, Fourteen, Eighteen and Twenty

of the Indictment, under Rule 11, Federal Rules of Criminal Procedure, states the following.

The United States would present the following evidence at trial

COUNT FOURTEEN

Sikora and Associates, of South Carolina, contracted with Edwards for health insurance

coverage (See Count Eighteen evidence as well) Sikora and Associates mailed a check via Federal

Express on February 26, 2001, for $47,829 73, for health care premiums No health insurance

existed at this time On December 31, 2000, ERC, a reinsurance company, canceled a policy due

to lack of payment on the premium Third party administrators pay claims on behalf of a client but

do not fund the claims and do not serve as an insurance company Epoch was a third party

administrator employed by Edwards to settle health insurance claims for employees of Edward's

client companies After January 26, 2001, Epoch received no money from Edwards' companies to

fund the payment of health insurance claims Thus, the above check was clearly embezzled

Sikora and Associates repeatedly attempted to obtain a health insurance affidavit from Edwards indicating that the health insurance plan Edwards provided was fully insured, as required by South Carolina law. Sikora also repeatedly attempted to obtain plan documents without success. The plan documents Sikora ultimately received were those of the Epoch plan, and revealed that rather than being fully insured, the health insurance Edwards was providing was self-funded. Sikora inquired about the problem and Steven Edwards and Edwards' employee, Tim Martin, told Sikora that the description of the plan as being "self-funded" was a printing error.

## COUNT EIGHT

In August 2000, Nations Group obtained an assigned risk workers compensation insurance policy through the State of North Carolina and Liberty Mutual, which covered employees located in the State of North Carolina. Companies are required by the various States to maintain workers compensation insurance to benefit and protect workers injured on the job. On September 13, 2000, Pete Seagroves, an insurance agent acting on behalf of the defendant, requested that Liberty Mutual extend coverage to states in addition to North Carolina. On September 22 and 27, 2000, Liberty Mutual advised Seagroves of the necessary steps to obtain coverage in other states.

On October 2, 2000, Liberty Mutual advised Seagroves and Nations Group that no coverage existed outside the state of North Carolina. Ted Seagroves Jr., owner of the Seagroves Insurance Agency, discussed this letter and issue with Mr. Edwards. Bruce Wilson, of ABP a client company in Florida, received a similar non-coverage letter and Edwards misrepresented to Wilson that the letter was a "mistake."

On or about November 14, 2000, BCN, a client company in Michigan, remitted $103,000.00 in workers comp premiums by means of commercial carrier. (Note, the Liberty Mutual policy never

- 2 -

covered any businesses in Michigan but, in any event, the Liberty Mutual policy was canceled on November 14, 2000 ) BCN had many affiliated companies which each wrote a check The group of checks was mailed in one envelope Based on representations by Edwards, BCN believed they had workers compensation coverage through Edwards and his companies and, consequently, remitted insurance premiums to Edwards month after month

COUNT EIGHTEEN

From January 1, 2000, through April 30, 2001, the defendant collected health insurance premiums of approximately $1,400,000, from companies in South Carolina, Florida, and North Carolina and elsewhere, which were diverted and not used to pay claims or insurance for claims From January 1, 2000, through September 30, 2000, no insurance existed From October 1, 2000, through December 31, 2000, a reinsurance/stop loss policy existed but the Fidelity Group, a health care benefit program operated by Edwards, did not receive or pay the requisite claims to invoke this policy Thus, thousands of health claims went unpaid because the Fidelity Group had insufficient funding and no insurance for the first $125,000 in claims incurred per person The Fidelity Group operated in interstate commerce because it collected premiums from clients in South Carolina and Florida The defendant instructed employees to remove the last page of plan description documents containing the words "self-funded" before allowing the plans to be mailed to clients Jim Sikora, in South Carolina, received a plan with the "self-funded" language and was assured by both Edwards and Edwards' employee Tim Martin that a "printing mistake" had occurred

During the above time period, the defendant utilized the health care premiums for his own personal use For instance, on September 15, 2000, the Sunshine Group wired $150,000 in premiums into Edwards' account in the name of Capital Marketing, Inc A week later, on September

- 3 -

22, 2000, Edwards wrote a check on this account for $88,315 75 to Cynmar builders to pay for construction of his home in Durham  The Sikora Group a their health premium in late February, 2000, but Tim Martin later told him that Fidelity made their last payment to Epoch on February 14, 2000 (actually January 26, 2000)  Thus, in late February, Sikora Group remitted a health care premium to Edwards' company, Fidelity, for which his employees received no health care insurance protection  Sikora's premium was not returned to him

In March 2001, PMCS, another third party administration hired by Edwards, returned health claims to Edwards/Fidelity Group because they did not receive funding  Edwards instructed employees to refuse to accept shipment of claims and the claims were returned to PMCS  Although Edwards' companies collected health insurance premiums from employees, their health insurance claims went unpaid and remain in storage at PMCS today

### COUNT TWENTY

In the tax year 2000, Steven Edwards was a resident of Durham, North Carolina, and filed or caused to be filed a joint U S  Individual Income Tax Return, Form 1040, on behalf of himself and his spouse, stating that their joint taxable income for the 2000 calendar year was $ 4,833, on which there was due and owing a tax of $ 724  In truth and in fact, as Steven Edwards then well knew, his income was substantially higher than he reported resulting in a tax due and owing of substantially more than he calculated  According to IRS reconstructions of his income and expenditures, Steven Edwards' corrected taxable income for 2000 was at least $ 4,646,417 on which there was due and owing additional taxes of $ 1,944,392  *This is a lie by the District Court*

The proof would disclose that in the previous year, 1999, he reported income of $ 200,074, on which he claimed there was due and owing a tax of $ 55,381  In truth and in fact, as Steven

- 4 -

Edwards then well knew, his income for 1999 was substantially higher than he reported resulting in a tax due and owing of substantially more than he calculated. In calendar year 1999, IRS reconstructions of his income and expenditures, Steven Edwards corrected taxable income for 1999 was at least $571,675 on which there was due and owing additional taxes of $209,398.

The proof would disclose that in the year, 2001, Steven Edwards failed to file a tax return for the calendar year, thereby not reporting income of at least $24,685, on which there was a tax due and owing of at least $7,411.

During calendar year 2000, Defendant Edwards recognized substantial income and made efforts to conceal his receipt of the same through purchasing property in nominee names. He caused to be constructed a home situated in Orange County, North Carolina, for his wife and him but had the checks issued to the builder CynMar for the costs of construction drawn on a Capital Marketing, Inc account. He also issued checks payable for the purchase of various motorcycles (some of which were put in nominee names) and had money wired from the Capital Marketing, Inc bank account to the Bear Stearns investment and brokerage house his personal investment purposes although the investment accounts were maintained in the name of a shell entity, Carolina Green, Inc. All of these items constituted income to him as they were for his personal benefit.

The chart below reflects some of Edwards' income for tax year 2000 which was omitted from his tax return.

| 2000 - ✔'s drawn to the benefit of/or deposited into account of Edwards | | | |
|---|---|---|---|
| Account | date | Payee | Amount |
| Capital Marketing ✔ № 2611 | 01/17/00 | CynMar (builder) | $197,702 |
| Capital Marketing ✔ № 2472 | 02/21/00 | CynMar (builder) | $124,814 |

- 5 -

| 2000 - ✔'s drawn to the benefit of/or deposited into account of Edwards | | | |
|---|---|---|---|
| Account | date | Payee | Amount |
| Capital Marketing ✔ № 2617 | 03/05/00 | CynMar (builder) | $ 137,000 |
| Capital Marketing ✔ № 2616 | 03/20/00 | CynMar (builder) | $ 103,996 |
| Capital Marketing ✔ № 2620 | 05/10/00 | CynMar (builder) | $ 238,224 |
| Capital Marketing ✔ № 2621 | 05/26/00 | CynMar (builder) | $ 189,388 |
| Capital Marketing ✔ № 2624 | 06/15/00 | CynMar (builder) | $ 181,033 |
| Capital Marketing ✔ № 2450 | 07/19/00 | CynMar (builder) | $ 31,414 |
| Capital Marketing ✔ № 2643 | 09/29/00 | CynMar (builder) | $ 88,315 |
| Capital Marketing ✔ № 2473 | 03/04/00 | Myrtle Beach Harley | $ 42,995 |
| Capital Marketing ✔ № 2677 | 12/01/00 | Rocky Mount Harley | $ 26,090 |
| Capital Marketing ✔ № 2475 | 03/14/00 | Twin Specialties (motorcycle) | $ 50,000 |
| Capital Marketing ✔ № 2625 | 06/26/00 | Twin Specialties (motorcycle) | $ 20,000 |
| Capital Marketing ✔ № 2628 | 08/03/00 | Twin Specialties (motorcycle) | $ 20,159 |
| Capital Marketing ✔ № 2632 | 08/23/00 | Twin Specialties (motorcycle) | $ 23,692 |
| Capital Marketing ✔ № 2644 | 10/25/00 | Twin Specialties (motorcycle) | $ 25,000 |
| Sunshine Co. ✔ № 048794 | 01/04/00 | Steven Edwards (diversion) | $ 13,245 |
| Sunshine Co. ✔ № 049998 | 02/01/00 | Steven Edwards (diversion) | $ 14,179 |
| Sunshine Co. ✔ № 05259? | 04/25/00 | Steven Edwards (diversion) | $ 19,835 |
| Sunshine Co. ✔ № 05535? | 07/06/00 | Steven Edwards (diversion) | $ 17,020 |
| Sunshine Co. ✔ № 056086 | 07/25/00 | Steven Edwards (diversion) | $ 23,028 |
| Sunshine Co. ✔ № 056949 | 08/22/00 | Steven Edwards (diversion) | $ 22,146 |
| Fidelity Group ✔ № 2024 | 06/12/00 | Steven Edwards (diversion) | $ 154,379 |
| Fidelity Group ✔ № 2049 | 07/14/00 | Steven Edwards (diversion) | $ 62,561 |
| Capital Marketing wire | 03/07/00 | Bear Stearns (Carolina Green) (investment) | $ 115,000 |
| Capital Marketing wire | 03/17/00 | Bear Stearns (investment) | $ 102,000 |

- 6 -

| 2000 - ✔'s drawn to the benefit of/or deposited into account of Edwards | | | |
|---|---|---|---|
| Account | date | Payee | Amount |
| Capital Marketing wire | 03/27/00 | Bear Stearns (investment) | $ 130,000 |
| Capital Marketing wire | 04/12/00 | Bear Stearns (investment) | $ 119,000 |
| Capital Marketing wire | 04/26/00 | Bear Stearns (investment) | $ 80,000 |
| Capital Marketing wire | 05/01/00 | Bear Stearns (investment) | $ 75,000 |
| Capital Marketing wire | 05/22/00 | Bear Stearns (investment) | $ 145,000 |
| Capital Marketing wire | 07/13/00 | Bear Stearns (investment) | $ 49,000 |
| Total for year 2000 | | | $ 2,641,215 |

This the 21ˢᵗ day of February, 2006

ANNA MILLS WAGONER
United States Attorney

Douglas Cannon, NCSB # 8604

Robert M Hamilton, LaSB # 1400
Assistant United States Attorneys
United States Attorney's Office
Middle District of North Carolina
Post Office Box 1858
Greensboro, North Carolina 27402
Phone 336/333-5351

I have been advised by my attorney that the Government's case would generally consist of the above-described proof  I do not contest those facts and agree that they would provide a sufficient factual basis for a finding of guilty of the charges to which I wish to plead guilty

_____
Steven E Edwards

- 7 -

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA

v

STEVEN E EDWARDS

1 05CR265-1

CERTIFICATE OF SERVICE

I hereby certify that on 21ˢᵗ February, 2006, the foregoing was filed with the Clerk of the Court and I will send notification of such filing to the following

Eric D. Placke, Esq
Assistant Federal Public Defender
101 S Elm Street, Suite 210
Greensboro, North Carolina 27401

*R m Hamml*

ROBERT M HAMILTON
Assistant United States Attorney, LASB #1400
United States Attorney's Office
Middle District of North Carolina
Post Office Box 1858
Greensboro, North Carolina 27402
Phone 336/333-5351

- 8 -

503-4.8

_in correct_

#### Employment Record

78.  Defendant Edwards reported that he has been self employed in the insurance business since 1982. He explained that he has worked with Jerry Lancaster, of Plano, Texas, for many years referring clients to Mr. Lancaster's insurance businesses, Providence and Imperial. The defendant advised that he typically earned $20,000 to $30,000 a month. A letter was sent to Mr. Lancaster requesting information regarding the defendant's employment; however, the letter was returned with no information. Further employment experience is unknown.

79.  The Social Security Administration Detailed Earnings Statement reflects the following earnings:

| YEAR | AMOUNT | EMPLOYER |
|---|---|---|
| 2000-2005 | None | None |
| 1999 | $107,600 | Magna Leasing Corporation Integrity Corporation |
| 1998 | $136,800 | Magna Leasing Corporation Integrity Corporation |
| 1997 | $68,400 | Magna Leasing Corporation |
| 1996 | .$51,950 | Magna Leasing Corporation B-ACCU Florida, Inc. |
| 1995 | 13,807 | Self-Employment |

#### Financial Condition: Ability to Pay

80.  As of the date of this report, Defendant Edwards has failed to provide financial information as required by 18 U.S.C. § 3664. His net worth and monthly cash flow are unknown. The defendant did report that he was earning $20,000 to $30,000 a month in the insurance business prior to his arrest. According to a Motion to Amend Conditions of Release filed on his behalf, the defendant has plans to resume his work with Jerry Lancaster's insurance business. According to the government, the defendant may receive funds, i.e. commission residuals, in the future for work done for Mr. Lancaster.

81.  Pursuant to the Plea Agreement, the defendant has consented to the forfeiture of the property named in the forfeiture allegation in the indictment. This property includes $3,897,470 in cash and Lots 15 and 48 of Yonahlossee Saddle Club, located in Brushy Fork Township.

5

Watauga County, NC. The property in Watauga County was sold for $688,277 in September 2005.

82. Pursuant to the Plea Agreement, the defendant has also consented to the forfeiture of $2,650,829.73 in cash, a 2003 Cruise Master motor home, a 1995 Ford 1-150 truck, a 2002 Continental trailer, and two Harley Davidson motorcycles.

## PART D.     SENTENCING OPTIONS

### Custody

83. **Statutory Provisions:** For Counts Eight and Fourteen, the maximum term of imprisonment for each count is 5 years. 18 U.S.C. § 1341. For Count Eighteen, the maximum term of imprisonment is 10 years. 18 U.S.C. § 669. For Count Twenty, the maximum term of imprisonment is 5 years. 26 U.S.C. § 7201.

84. **Guideline Provisions:** Based on a total offense level of 35 and a criminal history category of III, the guideline range for imprisonment is 210 to 262 months. (USSG Ch.5 Pt.A - SENTENCING TABLE.)

### Impact of Plea Agreement

85. The Plea Agreement has no impact on the calculation of the guidelines.

### Supervised Release

86. **Statutory Provisions:** If a term of imprisonment is imposed for each of Counts Eight, Fourteen, Eighteen, and Twenty, the Court may impose a term of supervised release of not more than 3 years. 18 U.S.C. § 3583(b)(2). Such terms of supervised release shall run concurrently. 18 U.S.C. § 3624(e).

87. **Guideline Provisions:** For each of Counts Eight, Fourteen, Eighteen, and Twenty, the term of supervised release is at least 2 years but not more than 3 years. USSG §5D1.2(a)(2). Supervised release is required if the Court imposes a term of imprisonment of more than 1 year. USSG §5D1.1(a). The Court may order a term of supervised release to follow imprisonment in any other case. USSG §5D1.1(b).

4. The defendant, STEVEN E. EDWARDS, is going to plead guilty to Counts Eight, Fourteen, Eighteen and Twenty of the Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

a. Upon the acceptance by the Court of a guilty plea by the defendant, STEVEN E. EDWARDS, to Counts Eight, Fourteen, Eighteen and Twenty of the Indictment herein, and at the conclusion of the sentencing hearing thereon, the United States will not oppose a motion to dismiss the remaining counts of the Indictment as to the defendant, STEVEN E. EDWARDS. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

b. It is further understood that if the Court determines at the time of sentencing that the defendant, STEVEN E. EDWARDS, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b)

5

theft of health care funds; and which in Counts Nineteen through Twenty-One charges him with a violation of Title 26, United States Codes, Section 7201, tax evasion. The Indictment also included a forfeiture allegation.

2. The defendant, STEVEN E. EDWARDS, will enter a voluntary plea of guilty to Counts Eight, Fourteen, Eighteen and Twenty and will consent to the forfeiture of the property named in the forfeiture allegation in the Indictment therein. The nature of these charges and the elements of these charges, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

   a. The defendant, STEVEN E. EDWARDS, understands that the maximum term of imprisonment provided by law for Counts Eight, Fourteen, and Twenty of the Indictment is not more than five years, as to each count and the maximum fine is $250,000, as to each count, or both. The fine is subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine."

   b. The defendant, STEVEN E. EDWARDS, understands that the maximum term of imprisonment provided by law for Count Eighteen of the Indictment is not more than ten years, and the maximum fine for Count Eighteen of the Indictment is $250,000, or

2

both. The fine is subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine."

c. The defendant, STEVEN E. EDWARDS, also understands that, as to Counts Eight, Fourteen, Eighteen and Twenty of the Indictment herein, the Court may include as a part of the sentence a requirement that he be placed on a term of supervised release of not more than three years after imprisonment as to each count, pursuant to Title 18, United States Code, Section 3583.

d. The defendant, STEVEN E. EDWARDS, also understands that the Court shall order, in addition to any other penalty authorized by law, that the defendant, as to Counts Eight and Fourteen, make restitution to any person directly harmed by the defendant's conduct in the course of the scheme set out in paragraphs One through Thirty in Count One of the Indictment and incorporated by reference in Counts Eight and Fourteen, pursuant to Title 18, United States Code, Section 3663A.

e. The defendant, STEVEN E. EDWARDS, also understands as to Counts Eighteen and Twenty that the Court shall order, in addition to any other penalty authorized by law, that the defendant make restitution to any victim of the offenses, pursuant to Title 18, United States Code, Section 3663A.

3

of the Sentencing Guidelines. It is further understood that the Court is not bound by this recommendation.

The defendant, STEVEN E. EDWARDS, agrees to make restitution of $216,809 [$209,398 (1999)] and [$7,411 (2001)] for Counts Fifteen and Twenty-One pursuant to Title 18, United States Code, Section 3663A(a)(3).

6. With regard to forfeiture, the United States and the defendant, STEVEN E. EDWARDS, agree as follows:

a. The defendant agrees to immediately and voluntarily release and forfeit all right, title and interest in and to any property, real or personal, which constitutes or is derived from proceeds traceable to the scheme to defraud as described in Counts One through Fourteen of the Indictment in case number 1:05CR265-1, including without limitation the following:

1. $2,650,829.73, in that such sum in the aggregate constitutes the proceeds derived from the criminal violations;

2. 2003 CRUISE MASTER MOTOR HOME, VIN: 5B4MP67G033370828;

3. 1995 FORD F-150 PICK-UP TRUCK, VIN: 1FTDF15Y5SNA78462;

4. 2002 CONTINENTAL CARGO TRAILER, VIN: 4X4TSED262U302947;

5. 2003 HARLEY DAVIDSON MOTORCYCLE, VIN: 1HD1FSW143Y640635;

6. 1998 HARLEY DAVIDSON MOTORCYCLE, VIN: 1HD1BRL11WY053757;

6

jeopardy defense or claim of double jeopardy, and any claim or defense under the Eighth Amendment to the United States Constitution.

7. It is further understood that the United States and the defendant, STEVEN E. EDWARDS, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

8. The defendant, STEVEN E. EDWARDS, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

9. No agreements, representations or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be

8

entered into unless executed in writing and signed by all the parties.

This the 21st day of February, 2006.

ANNA MILLS WAGONER
United States Attorney

DOUGLAS CANNON
Assistant United States Attorney
NCSB #8604

ROBERT M. HAMILTON
Assistant United States Attorney
P. O. Box 1858
Greensboro, NC 27402
336/333-5351

FRANCINE DAVIS by DC
Trial Attorney
Department of Justice Tax Division
600 E Street, N.W., Room 5722
Washington, DC 20004

ERIC D. PLACKE
Attorney for Defendant

STEVEN E. EDWARDS
Defendant

9



16. Count 1 dismissed    Counts 1-19 should have been dismissed    Page 7    1 + 24

17. Proof I should have been evaluated    Page 7   3B + 4 + 5

18. Judge Robert N Armen Jr.    Page 7    20 + 21

19 Presentence Investigation Report was done incorrectly    Page 7 and 8    7-12

20. Add up the total Grand Jury Indictment $1,398,777 7B not over $7,000,000    Page 7 and 8

21. Grand Jury Indictment Page 41 and 42    Page 8   22 + 23

22. Presentence Investigation Report   Page 81 and 82    Page 8   5 + 6

23. Plea Agreement Contract   Page 5 Paragraph 5 and Page 6 Paragraphs 6, 6A and 1    Page 8   7 + 10

24 Eric Placke's affidavit    Page 8    25 + 26 + 27 + 28

25  I never approved or denied Presentence Investigation Report   Page 9  Placke answered Judge Osteen, I didn't

26. 3 of my 4 convictions should have been dismissed    Page 9   1

30. It was a further part of the scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations and promises that STEVEN E EDWARDS would and did divert money paid by employee leasing clients and PEO clients for workers compensation insurance and health care benefits and use the money to support his luxurious life style; to purchase real estate, to build a palatial home and a mountain villa for his own personal use and benefit, and to acquire a collection of expensive vehicles and motorcycles.

31. On or about August 31, 2000, in the County of Durham, in the Middle District of North Carolina, STEVEN E. EDWARDS, for the purpose of executing the aforesaid scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations and promises, and attempting to do so, knowingly did cause to be received from FedEx, a commercial interstate carrier, an overnight package addressed to:

> Steve Edwards
> Magna Corp
> 3909 Old Chapel Hill Rd
> Durham, NC 27707

and with a return address of:

> Sikora and Associates
> 25 Concourse Way,
> Greer, SC 29650

which contained therein a Sikora & Associates Inc check № 1538, payable to Magna Corp, in the amount of $ 8,601.48, which funds were sent to pay for workers' compensation insurance for workers in

- 20 -

dispensing funds from and causing funds to be dispensed from accounts titled in names other than his own, receiving payments and causing payments to be issued in names other than his own, and titling assets and causing assets to be titled in names other than his own.

In violation of Title 26, United States Code, Section 7201.

## FORFEITURE ALLEGATIONS

1. The allegations contained in Counts One through Fifteen and Eighteen are hereby realleged and incorporated by reference for the purpose of alleging forfeiture herein.

2. Upon conviction of one or more of the offenses alleged in Counts One through Fifteen or Nineteen of this Indictment, the defendant STEVEN E. EDWARDS shall forfeit to the United States all right, title and interest in and to the following:

a. Any property, real or personal, involved in a transaction or attempted transaction in violation of Title 18, United States Code, Section 1957, or any property traceable to such property, pursuant to Title 18, United States Code, Section 981(a)(1)(A) and Title 28, United States Code, Section 2461(c);

b. Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Sections 1341, 1343 or 1957, or a conspiracy to commit such offense, pursuant to Title 18,

- 41 -

United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); and

  c. Any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of a violation of Title 18, United States Code, Section 669, pursuant to Title 18, United States Code, Section 982(a)(7).

 3. The property subject to forfeiture pursuant to paragraph 2 above shall include, but not be limited to, the following:

  a. <u>Cash Proceeds</u>

  $ 3,897,470, in that such sum in the aggregate constitutes the proceeds derived from the criminal violations;

  b <u>Real Property</u>

  All right title and interest in and to that certain plot, piece or parcel of land located in Brushy Fork Township, Watauga County, North Carolina, with all appurtenances and improvements thereon, and more particularly described as follows·

> Being all of Lots 15 & 48 of Yonahlossee Saddle Club, Brushy Fork, North Carolina, as the same is more particularly shown on map recorded in plat Book 15, Page 270, Watauga County Registry.

 4. If any of the property described above as being subject to forfeiture, as a result of any act or omission of a defendant,

-42-



Docket No. 7329-10

owing a tax of $724.

37.  In truth and in fact, as Petitioner then well knew, his income was substantially higher than he reported resulting in a tax due and owing of substantially more than he calculated.

38.  As set forth in the indictment, based on a reconstruction of income and expenditures, petitioner's corrected taxable income for 2000 was at least $4,646,417 on which there was due and owing additional taxes of $1,944,392.

39.  During calendar year 2000, petitioner recognized substantial income and made efforts to conceal his receipt of the same through purchasing property in nominee names.

40.  He caused to be constructed a home situated in Orange County, North Carolina, for his wife and him but had the checks issued to the builder CynMar for the costs of construction drawn on a Capital Marketing, Inc. account.

41.  He also issued checks payable for the purchase of various motorcycles (some of which were put in nominee names) and had money wired from the Capital Marketing, Inc. bank account to the Bear Stearns investment and brokerage house for his personal investment purposes although the investment accounts were maintained in the name of a shell entity, Carolina Green, Inc.

42.  All of these items constituted income to him as were for his personal benefit.

certiorari was inadequate. Mr. Edwards was sentenced on June 13, 2006, but the court did not enter judgment until June 26, 2006. Because I wanted to make sure Mr. Edwards was fully advised regarding his appellate rights, potential appellate issues, and the advisability of an appeal, on June 21, 2006, I sent Mr. Edwards a letter addressing those issues, a copy of which is attached. On June 27, 2006, I met with Mr. Edwards at the Alamance County Jail Annex, gave him a copy of the judgment which had been entered the day before, and explained that the 10-day time in which to file a notice of appeal had begun to run. I also asked Mr. Edwards if he had received my letter of June 21, 2006, and he said he had. I reviewed the entire letter, and the issues I discussed in that letter, with Mr. Edwards. I asked Mr. Edwards if he wanted me to file a notice of appeal, and he said that he did not. At my request, Mr. Edwards then read and signed an appeal rights acknowledgment, a copy of which is attached, directing me not to file a notice of appeal. I complied with that direction.

I did not receive any communication from Mr. Edwards indicating he had changed his mind, and wanted me to file a notice of appeal, during the 10-day time for doing so. The first communication of any sort I received from Mr. Edwards after our June 27, 2006, meeting was a letter, postmarked July 10, 2006, and received by my office July 13, 2006. The letter, a copy of which is attached, did not indicate that Mr. Edwards had decided to

$L_{1}$

Case 1:18-cv-00428-TDS-JEP  Document 2-1  Filed 05/17/18  Page 54 of 87

b) The respondent is a party in privity with the United States of America, the prosecuting party in the aforesaid criminal case in which the petitioner was a defendant.

c) On or about July 26, 2005, the petitioner was indicted, _inter alia_, for willfully attempting to evade income tax in violation of 26 U.S.C. § 7201 for the taxable year 2000.

d) On or before February 21, 2006, petitioner pled guilty to, _inter alia_, one count of willfully attempting to evade income tax in violation of 26 U.S.C. § 7201 for the taxable year 2000 in the indictment.

e) On June 26, 2006, the United States District Court for the Middle District of North Carolina entered a judgment finding the petitioner guilty of one count of violating 26 U.S.C. § 7201 for the taxable year 2000.

f) An issue in the instant Tax Court case is whether the petitioner reported all of his income for the taxable year 2000.

g) The fact that the petitioner received income which was intentionally not reported on his joint income tax return for the year 2000 is evidence, in part, that the underpayment is due to fraud.

significance of, the issue of whether to apply the 2000 or 2001 version of the sentencing guidelines. I also reiterated my earlier advice that the sentencing guidelines were no longer mandatory, but rather advisory.

Ultimately, the court accepted my argument that the less severe, 2000 version of the sentencing guidelines should be applied in Mr. Edwards case. Even with that ruling, the sentence Mr. Edwards received was higher than any specific estimate he and I had discussed. However, that difference was largely the result of three factors: (1) the probation officer's discovery of criminal history beyond that revealed to me by Mr. Edwards, or otherwise known to me prior to disclosure of the presentence report; (2) post-plea actions by Mr. Edwards that resulted in a two-level enhancement for obstruction of justice, and the loss of the three-level reduction for acceptance of responsibility; and (3) the court's decision to impose a variance sentence, above the advisory guideline range.

d. Finally, Mr. Edwards also alleges that I was ineffective in that, although he "repeatedly requested [that I] file an appeal prior to the expiration of the 10 days," I instead filed "an untimely notice of appeal." Mr. Edwards further appears to allege that I should not have said, in the motion to extend the time for filing a notice of appeal, that he initially chose not to appeal, and that my advice regarding a potential petition for writ of

27. Grand Jury Indictment and Plea Agreement Contract
Page 9

28. Sentencing          Page 9

29. Nominee's          Page 9

30. All of my loans came from Nations Group, Integrity
and Turks and Caicos          Page 9

31.   Workers Compensation Policy          Page 10

32   Counts 1 through 19          Page 10

33.   Plea Agreement Contract (my only contract)   Page 10

34   Read Plaskin's affidavit in regard to my sentencing Page 10

35.   Mail fraud   Page 10

36   Criminal violations  Page 10

37,   Only Contract   Page 10

38.   Read Plea Agreement  Page 8 Paragraph 9   Page 10 and 11

39.   Government Law          Page 11

40. Honor Documents          Page 11

41  IRS reconstructions and Audits    Page 11

42  Fidelity Group involvement    Page 12

43  Nothing's been proven      Page 12

44  Restitution amount not in Grand Jury Indictment or Plea Agreement Contract    Page 12

45  Criminal Case    Page 12

I definitely believe legally the Department of Justice legally must correct all of my serious accusations I have already mentioned in my filing No. 17-1104C, because the Middle District of North Carolina (by the way who is under control by the Department of Justice) did all of these accusations illegally against me. Now, please add all of this information to my Case No. 17-1104c

Sincerely,

United States of America
and
Department of Justice
Plaintiff/Petitioner

vs

Steven E. Edwards
Defendant/Respondent(s)

This is definitely a Civil Rights Complaint pursuant to 28 USC § 1331 to upgrade what Steven E. Edwards has already did in the United States Court of Federal Claims in January 2014 or before No. 13-971 C.

Steven E. Edwards absolutely believes the United States of America has to go by the same laws as I do.

Since I have been out of prison I have had a very long meeting with Branch Chief Public Defender Tom Bartee in Kansas City, Kansas and verbal conversations with Eric Placke Public Defender in Greensboro, North Carolina. They both agreed on every accusations I have included in this Civil Rights Complaint. This is different, isn't it?

The last trial date in Winston-Salem, North Carolina was June 24, 2015 Docket No. 7329-10 the two Marshals that set with me on the opposite side of the 30 or more Government employees on the other side, the Marshals told me once the trial was over, I just won and the United States of America owes me a lot of interest plus the money and assets the Government took from me.

There is strictly a lot of serious accusations that need to be corrected for Steven E. Edwards 14975031. Because every accusation is proven by Government Documents that are attached to this complaint.



Amendment right to counsel in order to mount a collateral challenge to his conviction."); <u>Hunt v. Nuth,</u> 57 F.3d 1327, 1340 (4th Cir. 1995) (noting that "the Constitution does not require counsel for defendants who attack their judgments under 28 U.S.C. § 2255"). Under 28 U.S.C. § 2255 and 18 U.S.C. § 3006A, the Court, in its discretion, may appoint counsel if it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Appointment of counsel is also required if discovery is otherwise authorized and counsel is needed for effective discovery or where an evidentiary hearing is to be held. <u>See</u> Rules 6(a) and 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Having reviewed Edwards's request for counsel and the record in this matter, the Court does not find that appointment of counsel is required by the interests of justice or otherwise. The challenges Edwards repeatedly brings in this Court all amount to attacks on his convictions and sentences that must be brought in a Motion under § 2255. Because he has already pursued such a Motion, he must receive permission from the Fourth Circuit before filing a further § 2255 Motion in this Court. Unless and until he receives that permission, it does not appear that there is any way he can legitimately raise a claim in this Court with or without counsel, nor does there appear to be any claim presented that would require appointment of counsel in the interests of justice. Therefore, Edwards's request for counsel will be denied. Should the Court later determine that the interests of justice otherwise require, the Court will appoint counsel at that time.

For very similar reasons, Edwards's Rule 60(b) Motions should be dismissed. The Motions challenge Edwards's conviction, his sentence calculation, and the amount of restitution



included in the Judgment, based on information in the Indictment, Presentence Report, Factual Basis, Plea Agreement, and from the United States Tax Courts. In addition, the Motions include arguments that Edwards should have been evaluated for hearing and memory loss prior to pleading guilty, that prior rulings by the United States Bankruptcy Courts invalidate most of his charges, that Counts 2 through 18 against him should have been dismissed because they were related to Count 1, which was dismissed, and that he did not commit the predicate acts supporting Counts 8 and 14.

All of Edwards's arguments appear to constitute attacks on the Judgment in his criminal case. As such, Federal Rule of Civil Procedure 60(b) does not apply because Rule 60(b) pertains to civil actions, not criminal actions. See Fed. R. Civ. P. 1; see also United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998). As the Court has consistently told Edwards, he must challenge his criminal Judgment through a § 2255 Motion and, because he has previously filed a § 2255 Motion, he must have permission to file such a Motion from the Court of Appeals for the Fourth Circuit. Therefore, to the extent Edwards seeks to attack his convictions or sentences, the Rule 60(b) Motions should be dismissed as unauthorized attempts to file successive petitions. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003). Therefore, the Court will recommend that Edwards's Rule 60(b) Motions be dismissed without prejudice to Edwards raising his claims in a successive Motion under 28 U.S.C. § 2255 if he receives permission to do so.[3]

---

[3] Moreover, to the extent that Edwards may be attempting to raise a defect in the collateral proceedings, he has failed to present any basis for relief pursuant to Rule 60(b). Instead, Edwards is merely rearguing the prior cases and rulings.



This response is in regard to Steven E Edwards trial he attended on June 25th, 2015, Plea Agreement Contract dated February 21st, 2006 and Grand Jury Indictment dated July 26th, 2005. The United States Tax Court Judge Robert P. Ruwe informed Steven E Edwards during the trial to have this information back to Judge Ruwe by September 8th, 2015.

Its proven in the Plea Agreement Contract on Page 5 Paragraph 5, it says the Plea Agreement Contract is also considered a Plea Bargain Contract (that Steven E Edwards is going to use from now on in this response)

The United States of America Tax Court should have never allowed the Commissioner of Internal Revenue, Respondent have a trial against Steven E Edwards Petitioner on June 24th, 2015 at 10:00 A.M, because according to the Presentance Investigation Report Page 10 Paragraphs 32 and 34 Attachment 1, its proven Steven E Edwards shouldn't even have been in prison on June 24th, 2015, because the Specific Offense Characteristic was used to increase Steven E Edwards sentencing illegally by the United States of America. Judge Ruwe please read Attachment 1.

(3A)

28.   Jim Sikora, owner of Sikora & Associates, reported that as a result of the fraud, he lost his
      good business reputation and a large amount of money. He stated he was "threatened by the
      FBI, sued by many lawyers, and looked at like a criminal." He advised that he also had to
      be treated for anxiety, depression, and high blood pressure as a result of the crime. Mr.
      Sikora further reported, "Steve's partner said he would have to kill me if any harm came to
      Mr. Edwards." Mr. Sikora reported more than $4.5 million in losses caused by
      Magna/Fidelity.   *Wrong Made up number, but company which*

29.   Todd McKenzie of McKenzie Paint reported more than $140,000 in losses caused by the
      crime. These losses are attributed to unpaid medical and workers' compensation claims. Mr.
      McKenzie advised that fifty percent of his employees were affected and that unpaid medical
      bills ranged from $2,000 to $60,000 plus. He further commented that his company no longer
      offers health care benefits to its employees as a result of the crime. *Gene Butler Bob Sibery*

      Offense Level Computations

30.   The 2005 edition of the United States Sentencing Commission Guidelines Manual, in
      conjunction with the March 27, 2006 Supplement to the 2005 Guidelines Manual, has been
      used for guideline computations.

31.   Count Twenty is unrelated to Counts Eight, Fourteen, and Eighteen and will be treated
      separately USSG §3D1.1(a)(3).

32.   Counts Eight, Fourteen, and Eighteen are grouped because the offense level is determined
      largely on the basis of the total amount of harm or loss, the quantity of a substance involved,
      or some other measure of aggregate harm, or if the offense behavior is ongoing and
      continuous in nature and the offense guideline is written to cover such behavior. USSG
      §3D1.2(d). The offense level applicable for the group is the offense level corresponding to
      the aggregated quantity, determined in accordance with Chapter Two and Parts A, B and C
      of Chapter Three. Therefore Counts Eight, Fourteen, and Eighteen together are used to
      determine the guideline calculations for the group. USSG §3D1.3(b).

(Count Eight)   Mail Fraud

33.   Base Offense Level: The guideline for a violation of 18 U.S.C. § 1341 is found in    6
      USSG §2B1.1. The base offense level is 6. USSG §2B1.1(a)(2).

34.   Specific Offense Characteristic: Because the loss exceeded $7 million, the offense    +20
      level is increased by 20. USSG §2B1.1(b)(1)(K).

35.   Specific Offense Characteristic: Because the offense involved 50 or more victims,    +4
      the offense level is increased by 4. USSG §2B1.1(b)(2)(B).



Attachment 1 is absolutely amazing because it is the total amount of money from the Grand Jury Indictment Counts 1 through 21 the United States of America could have tried to use to increase Steven E Edwards sentencing by raising the Specific Offense Characteristic on Page 10 Paragraph 34 by a total loss of $1,398,777 $\frac{78}{}$, not a loss that exceeded $7 million the United States of America did use to increase Steven E Edwards Specific Offense Characteristic of a plus 20 to raise Steven E Edwards sentencing. How in the world can the United States of America get a District Court Judge to authorize a loss that exceeded $7 million to increase Steven E Edwards Specific Offense Characteristic by a plus 20 when the maximum loss from the Grand Jury Indictment could have only increased Steven E Edwards Specific Offense Characteristic by a plus 16, because the maximum loss from Counts 1 through 21 was only $1,398,777 $\frac{78}{}$. Now According to the Presentence Investigation Report on Page 10 Paragraph 32 the only way the United States of America can raise Steven E Edwards Specific Offense Characteristic Offense Level and sentencing it says, the Offense level applicable for the group is the offense level corresponding to the aggregated quantity, determined in accordance with Chapter two and Parts A, B and C of Chapter 3 in the Grand Jury Indictment. Therefore Counts Eight, Fourteen and Eighteen together are used to determine

(3)

the guideline calculation for the group. Now, since Steven E Edwards has learned that Count Eighteen isn't even considered one or more of the offense alleged in Counts One through Fifteen or nineteen of the Grand Jury Indictment according to Chapter 2 on Pages 41+42 in the Grand Jury Indictment Now, since the United States of America should have used this loss of $150,829.73 from Counts 8 and 14 to increase Steven E Edwards offense level by a plus 10, not a plus 16 or 20 thats already been discussed above, Steven E Edwards shouldn't be in prison today and Steven E Edwards aggregate amount should be returned to Steven E Edwards.

Something very interesting happened by the Internal Revenue Service Senior Attorney Timothy J Driscoll Jr during the trial on June 24th, 2015. Steven E Edwards believes Driscoll Jr had the power to cross-examine Steven E Edwards after Steven E Edwards had talked under oath for at least 5 minutes in regard to Docket No. 7329-10 and aggregate amount. Driscoll Jr elected not to cross-examine Steven E Edwards. Also Driscoll Jr didn't even have a response about Steven E Edwards explaining how Driscoll Jr told Steven E Edwards the Internal Revenue Service legally couldn't Audit Steven E Edwards for the year 2000 because Steven E Edwards tax return was done on October 14th 2001 and the Grand Jury Indictment wasn't issued until July 26th, 2005. Which proves the Docket No. 7329-10 should be disallowed and dismissed. Because according to the 4-9-09 Audit and Count 20 Factual Basis it all occurred in the year 2000.

38

Its proven in the Attachment 2 Steven E.
Edwards should have been evaluated prior to
when the Plea Bargain Contract was signed by
all the parties that was involved in Steven E
Edwards on February 21st, 2006.

Driscoll Jr definitely put in writing in
the Pretrial Memorandum For Respondent that the
owner of CynMar clnc. John Marnell the builder
of the Home at 4643 Owls Wood Lane, Orange
County would testify as the contruction contractor
between CynMar clnc and Steven E Edwards the
petitioner. Steven E. Edwards really does know
why Driscoll Jr didn't allow John Marnell
to testify in the June 24th 2015 Trial, Because
John Marnell would have said under oath Steven E
Edwards wasn't ever the owner of the home
at 4843 Owls Wood Lane, Durham N.C. But,
Marian Carol Edwards was the owner to this
Home, cll is proven in the Exhibit 28 J
Marian Carol Edwards did own the home and
sold it.

Its also proven in the Exhibit 41 J
Steven E Edwards didn't own Carolina Green clnc.

The Pretrial Memorandum For Respondent wasn't received by
Steven E Edwards until June 11, 2015, 13 days prior to the trial on June 24,
2015, This alone proves the June 24th 2015 trial should have never occurred.

3A

Steven E Edwards believes the only reason the Commissioner of Internal Revenue has already had two trials on Docket No. 7329-10 is because in the Factual Basis Count 20 it says, according to IRS reconstructions of Steven E Edwards income and expenditures Steven E Edwards corrected taxable income for 2000 was created by the IRS. That is why Judge Thomas D Schroeder ordered the Internal Revenue Service to Audit Steven E Edwards for the year 2000 to prove the restitution amount the United States of America and prosecutor Douglas Cannon was correct. The restitution amount of $4,565,477.00 the United States of America says in the Judgement of the Criminal Case dated June 26th 2006 has definitely been proven by the United States' Tax Court Special Trial Judge Robert N. Armen Jr.s Order dated June 13, 2013 the restitution amount is definitely not correct and Judge Armen Jr denied everything the Commissioner of Internal Revenue tried to accomplish in the first trial Steven E Edwards Petitioner had against the Commissioner of Internal Revenue that was filed with the United States Tax Court on January 22nd 2013. A real serious question is why was the prosecutor that handled Steven E Edwards case for the United States of America terminated on June 26th 2006. The prosecutors name I'm talking about is Douglas Cannon. The next question is why was Steven E Edwards not allowed to attend the Court Room the day the Judgement of the Criminal Case was explained and

(3A)

approved by the United States of America on June 26th, 2006. Always remember Judge Ruwe none of the IRS Audit was included in the Grand Jury Indictment. Also Judge Ruwe the restitution amount the United States of America says Steven E Edwards owes Wasn't in the Grand Jury Indictment or Plea Bargain Contract.

Judge Robert P Ruwe, the only contract Steven E Edwards has with the United States of America is a 9 page Plea Bargain Contract dated February 21st, 2006. Its proven in the Plea Bargain Contract the maximum Steven E Edwards could possibly owe the United States of America is $150,829$^{73}$. Thats proven on Page 6 Paragraphs 6, 6A and 7 in the Plea Bargain Contract. This alone proves the Department of the Treasury has $2,650,829$^{73}$ that should be reduced by a $150,829$^{73}$ that creates a total of $2,500,000$ that must be returned to Steven E Edwards immediately plus interest and asset values the United States of America also took from Steven E Edwards according to the Plea Bargain Contract.

All the materials the IRS is using in Steven E Edwards Audit and Docket No. 7329-10 wasn't even in the Grand Jury Indictment, but was included in the Factual Basis Count 20. According to Judge Armen Jrs Order Steven E Edwards owes the United States of America nothing for Count 20.

Its proven in the Factual Basis and Internal Revenue Service Audit dated 4-9-09 the nominees were involved in everything Steven E Edwards ever did in the year 2000 that's used in the Docket No. 7329-10 Which proves the nominees are responsible for the year 2000 for the non reported income. That's included in the Factual Basis, Audit and Docket No. 7329-10.

Since Steven E Edwards personally didn't receive any of the money that's mentioned in Docket No. 7329-10 or the Internal Revenue Service Audit on Steven E Edwards for the year 2000. Steven E Edwards definitely doesn't owe any amount of money for a fraud penalty

Why didn't Timothy J Driscoll Attorney have all the United States of America employee's that was setting on the right side in the Court Room and some of them were listed in the Pretrial Memorandum For Respondent that they were going to testify against Steven E Edwards during the trial, Driscoll Jr had non of them Testify against Steven E Edwards. Why did They all come to the trial. They really shouldn't have came to the trial because that costs the United States of America alot of money to have them all at a trial. I believe the reason Driscoll Jr didn't have any of them testify in the trial is because Driscoll Jr. has surrendered Docket No. 7329-10

3A

To prove Steven E Edwards never received any of the $1,111,000 thats used in Docket No. 7359-10 to invest in the Bear Stearns Investment account owned by Carolina Green clue because the total loss in the year 2000 for the investment that was made to Josephthal & Co clue was an amount of $2,826,000. The Exhibit 44-J it proves monthly what the Magna Corporation and Carolina Green clue paid Josephthal to invest for the year 2000.

Jan - $200,000

July — $49,000, $83,000

February-$40,000, $70,000, $25,000, $100,000

August — $200,000, $200,000, $40,000

March - $130,000, $115,000, $102,000

September — —0—

April - $2,000, $198,000, $80,000
$215,000, $119,000

October — $25,000, $150,000, $211,000

May — $75,000, $145,000

November — $20,000

June — $1,000, $149,000, $134,000

December — $100,000, $15,000, $33,000

Driscoll Jr needs to learn how to understand what the Exhibit says and means. This absolutely proves Steven E Edwards didn't make 1 penny from the Bear Stearns Investment from the Carolina Green clue. Since the losses to Bear Stearns Investment of $2,826,000 has been proven in the Pretrial Memorandum for Respondent Exhibit 44-J, which is a lot more than the Commissioner of Internal Revenue is saying Steven E Edwards non reported income for the year 2000 was a $2,641,215 from the Count 20 Audit. Now that Steven E Edwards

(3)

has proven from the information Timothy J. Driscoll Jr. has provided to Steven E. Edwards, the Exhibit 44 J that proves Steven E. Edwards had a loss of $2,826,000 from the Josephthal and Co Inc in the year 2000. Steven E. Edwards absolutely doesn't owe any of the amount the Audit and Docket No. 7329-10 says Steven E. Edwards owes for the year 2000. This is one reason the Docket No. 7329-10 should be denied by Judge Robert P. Ruwe immediately.

Since Marian Carol Edwards has been proven in the Pretrial Memorandum For Respondent Exhibit 28 J she was the owner of the Home at 4643 Owls Wood Lane, Durham, North Carolina, Orange County and please remember Marian Carol Edwards did settle with Mr. Yoder who was employed by the United States of America Bankruptcy Division. Marian Carol Edwards is responsible for the non-reported income and the sale of the Home thats described in the Docket No. 7329-10.

3A

Timothy I. Driscoll Jr also told Steven E Edwards on December 4th 2014 in a meeting the civil litigation could only continue if the civil litigation has nothing to do with the Grand Jury Indictment findings. It has been proven Docket No. 7329-10 should be dismissed because all thats included in the civil litigation Docket No. 7329-10 all came from the Factual Basis Count 20, one of Steven E Edwards convictions. Count 20 non-reported income has already been denied on June 13th 2013 by the United States Tax Court Special Judge Robert N Armen Jr's Order. Why is Steven Webster still not handling Steven E Edwards Docket No. 7329-10 and Timothy J. Driscoll Jr Senior Attorney is handling Steven E Edwards Docket No. 7329-10. Was Webster also terminated like Douglas Cannon prosecutor was by the United States of America

A very serious response I got from the Magistrate Judge Joi Elizabeth Peake on or around 2/19/13 in regard to my Motions I filed in Docket 1:05CR265-1 and 1:12CV419. Her recommendation proves a lot, it says on pages 4-5 of her Order. "The Motions challenge Edwards conviction, his sentencing calculation, and the amount of restitution included in the Judgement based on information in the Indictment, Presentence Investigation Reports, Factual Basis, Plea Agreement, and from the United States Tax Courts. In addition, the Motions include arguments that Edwards should have been evaluated for hearing and memory loss prior to pleading guilty, that prior rulings by the United States Bankruptcy Courts invalidate most of his charges, that Counts 2 through 18 against him should have been dismissed because they were related to Count 1, which was dismissed, and that he did not commit the predicate acts supporting Counts 8 and 14. All of Edwards's arguments appear to constitute attacks on the Judgement in his criminal case." Attachment 1. Why doesn't a very positive Magistrate Judge have the power from the United State Government to correct arguments appear to constitute attacks from an inmate.

After a very interesting conversation with a United States of America Department of Treasury attorney on January 30, 2017 this response really needs to be read. Because every word I'm putting in this is also proven in the United States of America Documents.

What the United States District Court in the Middle District of North Carolina Judge Osteen approved and put in my Judgement in a Criminal Case dated 6-26-2006 between the United States of America v Steven E. Edwards is amazing. Now just read Page 1 in regard to my dismissed Counts 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 13, 15, 16, 17, 19, and 21 which really means the United States of America didn't have any proof I did any of the charges or they would have never dismissed them, this alone means they never existed. Also read Page 5 there's two little



STEVEN E. EDWARDS,                      :
                    Petitioner,          :
                                         :
          v.                             :          1:05CR265-1
                                         :          1:07CV00501
UNITED STATES OF AMERICA,               :
                    Respondent.          :

## DEFENDANT'S REPLY TO MOTION UNDER 28 U.S.C. §2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE

NOW COMES the Defendant-petitioner, Steven E. Edwards, by and through his counsel, John M. Bourlon, and replying to the position stated by the United States of America in its Response to Motion Under 28 U.S.C. §2255 states to the Court the following:

### Facts and Proceedings

In an effort to streamline the arguments presented by the Petitioner in his §2255 Motion, and responded to by the United States of America, this Reply will address the grounds for said Motion in the order in which they were addressed by the United States of America. With respect to the facts and proceedings outlined by the United States of America in its response, the Defendant concurs with the procedural history and will not address the same herein.

### Cognizable Claims

Although the Defendant concurs with the Respondent's analysis of a Motion pursuant to 28 U.S.C. §2255 contained within the Response under the caption "cognizable claim," the Defendant will reply to specific instances raised by the Respondent in the order in which they were addressed.



hereto as Exhibit A). Mr. Edwards did not interpret this question to mean whether he had ever had a head injury or memory loss. Mr. Placke in his affidavit even affirms that "he indicated that the memory loss he experienced after the accident was getting better" (DE #121-2 at 2).

Furthermore, it was not only Mr. Edwards who had explained to Mr. Placke that Petitioner had suffered a head injury resulting in memory loss. During a conversation with Petitioner's counsel in approximately October of 2005, Petitioner's current counsel discussed with Mr. Placke the effects of the aforementioned motorcycle accident, and the change in Mr. Edwards' personality, comprehension, and memory.

Throughout Mr. Placke's representation of Mr. Edwards, Petitioner continued to display symptoms from the accident. Following the sentencing of the Petitioner in late June 2006, Petitioner repeatedly complained of severe headaches, dizziness, and similar symptoms. This all occurred during the period in which Mr. Edwards was facing the important decision of whether or not to appeal the sentence imposed by the District Court. Mr. Placke acknowledges in his affidavit that at this time the Petitioner was suffering from these health concerns, stating that he even contacted the United States Marshals Service regarding these complaints (DE#121-2 at 8). This was in fact done in a July 14th, 2006 letter, a copy of which is attached hereto as Exhibit B. In this letter, Mr. Placke discusses "the fact that Mr. Edwards suffered severe head injuries several years ago in a motorcycle accident" (Exhibit B).

Upon release from the hospital following the motorcycle accident, the Petitioner's actions and routines had drastically changed from prior to the accident. This abnormal behavior is documented in an affidavit by his brother, Richard Edwards, attached hereto

④

accepted standard and resulted in multiple prejudicial instances. Also as a result of Mr. Placke's conduct, Petitioner did not voluntarily, intelligently and knowingly enter into the plea agreement. Mr. Edwards' competency was central to his defense and Mr. Placke unilaterally abandoned said issue.

The Constitutional protections guaranteed by the Sixth Amendment were repeatedly trounced upon not only by Petitioner's counsel, but also the District Court's decision in imposing a lengthier sentence.

WHEREFORE, the Petitioner, Steven E. Edwards, respectfully submitted that his motion under 28 U.S.C. §2255 should be granted and the judgment of the District Court should be vacated.

This the 6th day of February, 2008.

JOHN M. BOURLON
ATTORNEY FOR PETITIONER

/s/ JOHN M. BOURLON
Attorney for Petitioner
N.C. State Bar No. 9131
Bourlon & Davis, P.A.
109 N. Church Street
Durham, N.C. 27701
Phone: (919) 688-8041
attyjmbourlon@verizon.net



dots next to my total amounts of loss and then read the bottom 2 dotted lines so by reading this proven information you will then understand what has been proven in regard to where all of my restitution amount must come from, September 13, 1994 through April 24, 1996. This is really very clear.

In my Presentence Investigation Report just read Paragraph 93 on Page 20 in regard to my restitution amount again. On Paragraph 32 and 34 on Page 10 it proves how the United States of America District Court raised my Office Level, which was done illegally. Paragraphs 81 and 82 on Page 18 and 19 definitely proves in regard to the money and assets the United States of America took from me the only way the United States of America can keep my aggregate amounts must come from my Grand Jury Indictment convictions and the only contract I have with the United States of America, my Plea Agreement Contract.

In my Plea Agreement on Page 5 Paragraph 5 it says this is the plea bargaining and the extent in this case is as follows. Also read Paragraph 2 on Page 2 in regards to my forfeiture allegations and where it must come from, the Grand Jury Indictment. Go on to Paragraphs 2d and 2e on Page 3 where all my restitution amount must come from. On Paragraph 5a on Page 5 it proves what my convictions were and what counts 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 13, 15, 16, 17, 19, and 21 never existed. Paragraph 6, 6a and Line 1 on Page 6 proves in regard to how the United States of American can keep any of my aggregate amount. Then Paragraph 9 on Page 8 and 9 is the United States of America law that must be honored.

Now, read my four Counts 8, 14, 18, and 20. My only convictions I excepted from the United States of America which prove what all of my criminal violations add up to be.

Read John Bourlons response on my behalf in order to reply to Motion Under 28 U.S.C. § 2255 on Pages 2 and 3 Paragraphs 1, 2, 3, and 4. Under law I should have been evaluated prior



to my Plea Agreement Contract was signed on February 21, 2006. Whoever reads this response can never disagree legally with this paragraph.

I believe this paragraph is the law, all whoever is reading this just has to read the Order that came from the United States of America Tax Court Special Judge Robert N. Armen Jr. on June 12, 2013. Especially read Paragraph 3 on Pages 1 and 2 and the final paragraph on Page 2. This Order is real clear and definitely related to my Plea Agreement on Pages 8 and 9 in Paragraph 9 and my Presentence Investigation Report on Page 20 Paragraph 93. All of these Paragraphs prove I don't owe the United States of America or anybody else any amount of money except what's in Counts 8 and 14.

Now it's going to get real interesting to you from this point on in regard to my response. In my Grand Jury Indictment on Pages 41 and 42 Paragraphs 1, 2, 3, and 4 it proves where my forfeiture allegations must come from to justify the United States of America to keep any amount of money from my aggregate amount. Until someone can prove to me from United States of America laws, I will always believe all of my criminal violations must come from my Grand Jury Indictment Counts 8, 14, 18, and 20 my only criminal violations according to my only contract I have with the United States of American the Plea Agreement Bargaining Contract. By now you do know Count 1 was dismissed which I believe means Count 1 never existed. Now read the first paragraph in Counts 8, 14, and 18. I believe legally these three counts should have been dismissed.

Read the last Paragraph 31 on Page 20 in my Grand Jury Indictment that prove what Count 1 forfeiture allegation maximum it can be $8,601.48.

What the Department of Treasury attorney really should read in my Factual Basis Dated February 21, 2006 the day my Plea Agreement Contract was also finalized. Just read Pages 4 & 5



about Count 20. Who their attorney is with is the United States of America then the Internal Revenue Service or Treasury Department. Which means he needs to read Count 20 in my Factual Basis because it says the $4,646,717 taxable income and additional taxes of $1,944,392 was derived from the IRS. As of today the attorney or the IRS involved in my case has still not proven I owe this amount or how the IRS came up with these numbers. When I started questioning all of these numbers that I supposedly owed the IRS and companies, but the Middle District Court new Judge in my case because Judge Osteen retired. The new Judge Schroeder ordered the IRS to prove I owe the money the United States of America put in my restitution amount. The audit the IRS did for Judge Schroeder isn't even close to the restitution amount of $2,105,820 with no Fraud amount involved. The meeting I had with the IRS attorney on December 4, 2014 in a meeting he told me the IRS couldn't go back and audit me more than 3 years from my Grand Jury Indictment which was dated July 26, 2005. He also told me the civil litigation amount can't come from my Grand Jury Indictment. Now read Pages 5, 6, and 7 in my Factual Basis. This proves the amount the IRS attorney came up with definitely came from my Grand Jury Indictment Count 20. All you have to do to prove this is read my Factual Basis.

Read my Criminal Docket where it says where my restitution amounts can come from Counts 8, 14, and 18 but what the United States of America has already done was all done illegally because my convictions Count 8, 14, and 18 doesn't add up to be $4,565,477.70. Counts 8, 14, and 18 only comes up to be a restitution amount of $150,829.73 which is really weird because that only reduces my aggregate amount down to $2,500,000 plus interest and assets. Now even if I allow the United States of America to use my Presentence Investigation Report to reduce my aggregate amount by $1,522,736.90 the United States of America still owes me a lot of money.



I'm getting close to finalize this response, the United States of America or the Justice Department should have made sure the Middle District Court used the correct Code 2F1.1 for my sentencing not Code 2E1.1 Because all of my convictions occurred prior to November 21, 2001. Look this information up.

You also need to know Magna Corporation and Fidelity Group was both granted their Bankruptcy way before my Grand Jury Indictment. Now Count 1 through 19 was all associated with these two companies. Why was I charged with any of these nineteen Counts? This is a good question because I was told and read it in Government Books when a company is granted their Bankruptcy that cleared everyone that was associated or employed with these companies of any wrongful or illegal doing. I just need proof if this isn't the law.

This information isn't everything I have against the United States of America and Middle District of North Carolina they did in my case. I'm just starting.



The following information proves through the attached United States of America Contract and Documents, Steven E. Edwards is owed a lot of money the United States of America has already taken from Steven E. Edwards on or before February 21, 2006.

Attachment 1, 2, and 3 proves I owe absolutely no restitution amount. Also I wasn't allowed to go to my sentencing on June 26, 2006.

The Plea Bargain Contract dated February 21, 2006 on Page 5 Paragraph 5 proves Steven E. Edwards only Contract with the United States of America is made up of 9 pages, and Page 6 and Paragraphs 6, 6A and 1 is very important. Also, the prosecutor Douglas Cannon, NCSB#8604, was terminated by the United States of America on June 26, 2006. Why was he terminated on that day but Robert M. Hamilton wasn't. This is proven in Attachment 4 through 12.

Grand Jury Indictment Counts 8, 14, 18, and 20 was my only four convictions. Counts 1 through 19 proves that in Paragraph 1, counts 8, 14, and 18 should have been dismissed because Count 1 was dismissed by the United States of America. Thus means Counts 1 through 19 never existed.

Steven E. Edwards Reply to Motion under 28 USC § 2255 that was done by Attorney John Burlon 919-688-8041 in Durham, N.C. proves I should have been evaluated prior to my Plea Agreement Contract was done on February 21, 2006. Attachment 18 through 20 is included.

United States Tax Court Special Trial Judge Robert N. Armen Jr. order dated June 13, 2013 proves I owe the Government absolutely nothing for Count 20. This is proven in Attachments 21 through 22. Just because I pled guilty, doesn't prove I owe any amount.

Presentence Investigation Report on Page 10 Paragraph 32 and 34 proves Steven E. Edwards sentencing was done illegally and incorrectly. It is proven in Counts 1 through 21 in my



Grand Jury Indictment that comes to a total roughly of $1,398,777.78, not over $7 million the United States of America added to my offense level that definitely increased my sentencing by over 10 years. Proven in Attachment 23.

In the Grand Jury Indictment on Pages 41 and 42 it proves in regard to Steven E. Edwards forfeiture allegations are what all about and why the United States of America owes all the money and assets they took from me back plus interest. Proven in Attachment 24 & 25. Forfeiture allegations is related to property not cash.

Presentence Investigation Report on Page 18 and 19, Paragraphs 81 and 82 definitely proves what the amounts the United States of America has already taken from Steven E. Edwards. Attachment 26 and 27 is included.

Steven E. Edwards absolutely only has one contract with the United States of America, it's the Plea Agreement Contract according to Page 5, Paragraph 5 and Page 6, Paragraph 6, 6A, and 1 specifically proves the United States of America can only reduce my aggregate amount of $2,650,829.73 plus interest from my criminal violations in Counts 1 through 14 which is Counts 8 and 14 my only two convictions between the Counts 1 through 14 which creates a maximum amount of $150,829.73. This alone proves from this information the United States of America owes me $2,500,000 which has been created by the Aggregate Amount of $2,650,829.73 minus the two convictions amount of $150,829.73 that equals $2,500,000 plus interest and additional assets values the United States of America also took from Steven E. Edwards. This is proven in Attachments 28 through 60.

It's also proven through Government Documents the following information was all done by the United States of America against Steven E. Edwards.



Every question or answer given to me by Judge Osteen was answered by Eric Placke Public Defender Attorney in Greensboro, N.C.

I never got to approve or deny my Presentence Investigation Report 14 days prior to my sentencing.

Three of my four convictions should have been dismissed because of Count 1 dismissal.

United States of America also owes me $3,897,470 + 2,650,829.73 which adds up to be $6,548,299 less the forfeiture allegations in my convictions Count 8 and 14 which is between Counts 1 through 14 which are considered my criminal violations according to the Grand Jury Indictment and Plea Agreement Contract Bargain is $150,829.73. Which means the United States of America owes me $6,397,469.27 plus interest and asset values, bank accounts, etc. that was also taken from me.

The sentencing was done wrong for at least two reasons according to the Presentence Investigation Report and my conviction because all my convictions occurred according to the Grand Jury Indictment all before October 2001, which legally proves the United States of America must use Code 2F1.1 not Code 2B1.1 because all my charges and convictions occurred prior to November 21, 2001. Which mean the United States of America owes me an additional $3,500.00 a day for approximately 10 years, because I should have been sentenced a 12-15 month sentencing not 150 months. The offense level was increased illegally and wrong in my Presentence Investigation Report on Page 10, Paragraph 32 & 34; the loss was incorrect.

According to the Factual Basis and IRS Audit all of my restitution and charges had nominees' involvement.

I got a lot of loans from Nation's Group, Integrity and account from the Turks & Caicos Islands.



Factual Basis also proves the Insurance Agent that sold us the Worker's Compensation could have fixed our Worker's Compensation with Liberty Mutual on or before November 14, 2000 if he would have done that we would still be in business.

I should have never been charged with Counts 1 through 19 because Magna Corporation and The Fidelity Group was granted their bankruptcy way before my Grand Jury Indictment. Everyone associated with these companies was definitely cleared from any wrongful doing or their companies would have never been granted their bankruptcies.

Two attorneys were involved in the Magna and Fidelity Groups bankruptcies, they were Yoder and Hudson both in N.C.

My Plea Agreement Contract Bargain proves I owe the United States of America nothing. Eric Placke's affidavit proves I'm right.

The two mail fraud convictions were done illegally by the United States of America.

I need to know the definition of a criminal violation. Really what it means.

I'm not responsible for anything in Counts 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 13, 15, 16, 17, 19, and 21. Because they were dismissed by the United States of America.

The only reason I agreed to do the Plea Agreement Contract on February 21, 2006 was because it was my only contract I would have with the United States of America. Because the only amount the United States of America says I owe for my Plea Agreement was on Page 6, Paragraph 5C. That must be dismissed because Count 19 and 21 was dismissed because Count 19 and 21 was dismissed by the United States of America.

The Paragraph on Page 8 Paragraph 9 proves the United States of America law says, "No Agreements, representations or understanding have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement and none will be entered



into unless executed in writing and signed by all the parties" (which definitely includes Steven E. Edwards).

Steven E. Edwards Plea Agreement Contract Bargain dated 2-21-06, Presentence Investigation Report dated 6-5-06, Factual Basis dated 2-21-06, Judgement in a Criminal Case dated 6-26-06 and Grand Jury Indictment dated July 26, 2005 proves what the United States of America has done through the Middle District of North Carolina District Court definitely proves all the above documents are official and the law.

Steven E. Edwards is simply asking for some help to enforce the United States of America to honor all of these Documents, unless someone can prove to me all of these Documents are not official. If I get someone to help me or not, I'm going to continue with all of these accusations against the United States of America.

This is some more information I can also prove very easily. In my Factual Basis it says the IRS reconstructions of my income and expenditures, Steven E. Edwards corrected taxable income for 2000 was at least $4,646,417 on which there was due and owing additional taxes of $1,944,392 and Defendant Steven E. Edwards recognized substantial income and made efforts to conceal his receipt of the same through purchasing property in nominee names. This proves the nominees are responsible for this amount of taxable income because I definitely never received any property back from a nominee ever. Also, here's my big question, if they the IRS could really prove this or have really done this why in the world did the Judge Schroeder in the Middle District of North Carolina District Court has to have the IRS do an audit for the year 2000 to prove how the District Courts restitution amount on me was done correctly. How the United States of America used the IRS restitution amount according to my Factual Basis was absolutely done illegally by the Middle District of North Carolina District Court in Greensboro, North



Caroline. The District Court prosecutor Douglas Cannon definitely made the reconstruction up, because the audit the IRS did in the year 2000 wasn't even close to the amount of money I supposedly owed for additional taxable income in my restitution amount for the year 2000. Douglas Cannon was terminated on the day of my sentencing, which I was not allowed to go to on June 26, 2006. Also Judge Osteen approved this.

I should have never been charged let alone convicted of Mail Frauds in Counts 8 and 14 because it's proven in the Grand Jury Indictment I didn't even send or receive these UPS or Fed Ex packages that I was charged and convicted of.

I should have never been charged or convicted in Count 18 either, because I had nothing to do with receiving money from clients for Health Insurance and wasn't approved on the banking account at all to write checks, transfer money or take money out of the account at Bank of America.

The United States of America never proved or could they prove any of my charges or convictions has been proven.

My restitution amount is definitely not in my Grand Jury Indictment or Plea Agreement Contract Bargain. All of this information is in Attachments 61 & 62. Also on Attachment 2 on Page 5 of 6 it specifically says my restitution amount of $4,565,477.70 must be committed on or after September 13, 1994 but before April 24, 1996. None of my charges or convictions in my only Grand Jury Indictment occurred after September 13, 1994 but before April 24, 1996. Just read Counts 8, 14, 18, and 20 my convictions.

Last, my aggregate of $2,650,829.73 definitely doesn't constitute the United States of America enough proceeds to keep my total aggregate amount or forfeiture of the property that was valued at $3,897,470 by the United States of America in my Grand Jury Indictment and



Presentence Investigation Report because my total Forfeiture Allegations only comes to from Counts 8, 14, 18, and 20 was $150,829.73 my only convictions was Counts 8, 14, 18, and 20 that creates all of my criminal violations.

This Notice is Steven E. Edwards recommendation to prevent him from having to file a lawsuit against the United States of America in an excess of $50,000,000.

Within 14 days after being served with a copy of the recommended settlement, a party may serve and file specific, written objections to the proposed findings and recommendations. You are hereby notified that unless written objections to the Respondent, Steven E. Edwards are served and filed as provided in the Federal rules, Steven E. Edwards will be forced to file a lawsuit against the United States of America. Pursuant to Fed. R. Civ. P. 72(b), 6(a) and 6(e). Setting up a hearing very soon is recommended by Steven. E. Edwards on June 26, 2017.

Whoever is now involved in my case needs to know I have had a lot of phone conversations with the Department of Justice Attorney in Washington, DC, Joshua A. Mandlebaum, maybe you should call him 202-305-3091.

Steven E. Edwards
615 Pine Street
Wellsville, Kansas 66092
Phone: 649-359-4913
Defendant

13