IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| STEVEN EUGENE EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:18CV428 |
| | ) | |
| ERIC PLACKE, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a former federal prisoner convicted in this Court and now serving a term of supervised release, submitted a civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. Plaintiff does not give sufficient addresses for the named Defendants to be served. Further, four of the five named Defendants are current or former federal prosecutors. Prosecutors have absolute immunity for their participation in the judicial process. <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259 (1993). The fifth Defendant is an Assistant Federal Public Defender, who is also not an appropriate Defendant. See <u>Sullivan v. United States</u>, 21 F.3d 198, 203 (7th Cir. 1994) (a plaintiff may not directly sue the public defender--his sole remedy is a Federal Tort Claims Act action against the United States). Plaintiff has neither shown, nor alleged, that he has exhausted his administrative remedies so as to be able to file under the Federal Tort Claims Act. <u>Id.</u>

2. As the Court previously informed Plaintiff, he does not appear to set out any proper claim for relief. For the most part, it appears that he seeks to challenge

his sentence in his criminal case. Given that he remains on supervised release, Plaintiff is still in custody for purposes of challenging his sentence and any challenge would have to be brought using a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The Court also notes that Plaintiff previously pursued such a motion in case 1:07CV501, which means that he must receive permission from the United States Court of Appeals for the Fourth Circuit in order to have this Court hear any further motion under § 2255. Plaintiff cannot use an action under Bivens to attack his criminal sentence. Plaintiff states in a cover letter that he does not have any interest in filing another § 2255 Motion. However, he cannot file a civil case based on allegations attacking his criminal convictions and sentences without first showing that such convictions have been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or, finally, called into question by a federal court through the issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). Therefore, whether Plaintiff has any interest in doing so or not, he must successfully attack his criminal convictions or sentences before filing a civil suit based on allegations that would undermine them. Finally, to the extent that Plaintiff's allegations are not barred by Heck, they appear to be barred by the applicable three-year statute of limitations. See Wilson v. Garcia, 471 U.S. 261, 276-80 (1985) (holding that, in section 1983 actions, state statute of limitations for personal injury applies); N.C. Gen. Stat § 1-52 (establishing three-year statute of limitations for personal injury); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999) ("[B]ecause there is no statute of limitations for Bivens actions, the district court correctly looked to [state] law.").

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)). If Plaintiff seeks to proceed under § 2255, he should request the proper forms and instructions for seeking permission from the Fourth Circuit to file a second or successive § 2255 motion.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper forms, which corrects the defects cited above.

This, the 11th day of June, 2018.

/s/ Joi Elizabeth Peake
United States Magistrate Judge